SEYFARTH SHAW LLP
Julie G. Yap (SBN 243450)
jyap@seyfarth.com
Tiffany T. Tran (SBN 294213)
ttran@seyfarth.com
Phillip J. Ebsworth (SBN 311026)
pebsworth@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:      (916) 558-4839

Attorneys for Defendant
NATIONAL VISION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MENDOZA on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT NATIONAL VISION, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[*Filed concurrently with Civil Case Cover Sheet, Notice of Interested Parties, and Corporate Disclosure Statement*]<br><br>Monterey County Superior Court Case No. 18CV004327<br><br>Action Filed:    November 13, 2018<br>FAC Filed        January 22, 2019<br>Complaint Served: February 22, 2019 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JAVIER MENDOZA AND HIS COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant NATIONAL VISION, INC. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, based on Class Action Fairness Act ("CAFA") jurisdiction and diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and removes the above-captioned matter from the Superior Court of the State of California for the County of Monterey to the United States District Court for the Northern District of California. Removal is proper for the following reasons:

**I.      BACKGROUND AND PROCEEDINGS IN STATE COURT**

1.      On November 13, 2018, Plaintiff Javier Mendoza ("Plaintiff") filed a class action Complaint in the Superior Court of California, County of Monterey, entitled "JAVIER MENDOZA, on behalf of himself and all other similarly situated employees, v. NATIONAL VISION, INC.; and DOES 1-100, inclusive." The Complaint was assigned Monterey County Superior Court Case No. 18CV004327.

2.      The Complaint alleged causes of action for: (1) Failure to Provide Meal Periods or Compensation in Lieu Thereof (Labor Code §§ 226.7 and 512; and the Wage Order); (2) Failure to Provide Rest Periods or Compensation in Lieu Thereof (Labor Code § 226.7; and the Wage Order); (3) Failure to Pay Hourly and Overtime Wages (California Labor Code §§ 510 and 1194; and the Wage Order); (4) Failure to Comply with Itemized Employee Wage Statement Requirements (California Labor Code §§ 226, 1174 and 1175); (5) Failure and Refusal to Pay Agreed Wages (California Labor Code §§ 201, 202, 204, 218, 221, 223, 1194, 1198; and the Wage Order); (6) Failure to Pay All Wages Upon Termination (California Labor Code §§ 201, 202 and 203; and the Wage Order); (7) Unfair Business Practices (California Business and Professions Code §§ 17200 et seq. and Common Law). Plaintiff did not serve the Complaint on Defendant.

3.      On January 22, 2019, Plaintiff filed a First Amended Complaint ("FAC"). The FAC added a cause of action under the California Labor Code Private Attorneys General Act of 2004 (California Labor Code § 2698) ("PAGA").

4. On February 22, 2019, Plaintiff served the summons, FAC, and other court documents, on Defendant. A true and correct copy of the summons, FAC, and other documents served on Defendant are attached hereto as **Exhibit A**.

5. The FAC seeks to certify a class of Defendant's "non-exempt employees who worked in California at any time within four (4) years before the commencement of this action," as well as various subclasses. (Ex. A, FAC, ¶ 28.)

## II. TIMELINESS OF REMOVAL

6. On February 22, 2019, Defendant's Registered Agent received personal service of the FAC. (Ex. A.) This Notice of Removal is timely because it is being filed within 30 days of Defendant's receipt of the Summons and Complaint and within one year of the commencement of this action. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under applicable state law).

## III. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7. This Court has original jurisdiction over this action pursuant to CAFA because (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (ii) the action is pleaded as a class action involving more than 100 putative class members, and (iii) at least one member of the putative class is a citizen of a State different from Defendant. 28 U.S.C. § 1332(d).

### A. Diversity of Citizenship

8. CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a State different from any named defendant. 28 U.S.C. 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (explaining that to achieve its purposes CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement in 28 U.S.C. § 1332(d)(2)). Here, such minimal diversity exists among the parties. In fact, complete diversity exists between Plaintiff and Defendant.

/ / /

### 1.    Plaintiff Is a Citizen of California

9.     "To establish citizenship for diversity purposes, a [natural] person must be both (1) a citizen of the United States, and (2) be domiciled in [one] state." *Chamness v. Stonebridge Life Ins. Co.*, No. CV09-0780 AHM (JCx), 2009 WL 734137, at * 3 (C.D. Cal. Mar. 18, 2009) (denying plaintiff's motion for remand because defendant's removal notice established complete diversity).

10.    A person's domicile is the place where he or she resides with the intent to remain indefinitely. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return … ."); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (noting that an individual is a citizen of the state in which he is domiciled; domicile is determined by an individual's (1) residence in a state, and (2) his intent to remain indefinitely).

11.    Citizenship is determined by an individual's domicile at the time the lawsuit is filed. *See Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 (9th Cir. 2000); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (explaining that where a complaint alleges plaintiff resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").

12.    Here, Plaintiff alleges that he "is a resident of Monterey County, California." (Ex. A., FAC, ¶ 4.) Indeed, as a part of his Application for Employment, Plaintiff listed a California address and maintained a California address on file for purposes of his personnel file, payroll checks, state payroll, and tax withholdings during the period of his employment. Defendant is informed and believes, and on that basis alleges, that Plaintiff's last known address also is in Monterey County, California. Accordingly, Plaintiff is a citizen of California for the purposes of diversity.

### 2.    Defendant Is Not A Citizen of California

13.    National Vision, Inc. is a citizen of Georgia and is not now, and was not at the time of the filing of this action, a citizen of the state of California within the meaning of 28 U.S.C. § 1332(c)(1).

14.    "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) ("[A] corporation is a citizen of (1)

the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"). Courts determine a corporation's principal place of business under the "nerve center" test. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is where its "officers direct, control and coordinate the corporation's activities." *Id.* at 92. A corporation typically directs and coordinates its activities from its headquarters. *Id.*

15.     National Vision, Inc. is incorporated under the laws of the State of Georgia, with its principal place of business in Duluth, Georgia. National Vision, Inc.'s principal place of business is in Duluth, Georgia because its "nerve center" is located in Duluth, Georgia. Specifically, National Vision, Inc.'s corporate headquarters are located exclusively in the State of Georgia, and all of National Vision, Inc.'s executive and administrative functions take place in Georgia.

16.     Accordingly, because Plaintiff is a citizen of California and Defendant is not a citizen of California, diversity of citizenship exists between Plaintiff and Defendant for purposes of CAFA removal.

### 3.     Doe Defendants' Citizenship Must Be Disregarded

17.     The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (doe defendants need not join in removal); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal). Thus, Doe defendants 1 through 100 do not deprive this Court of jurisdiction.

### B.     The Number of Putative Class Members Exceeds 100

18.     CAFA requires that the aggregated number of members of all classes proposed in a complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B).

19.     Plaintiff seeks relief on behalf of a putative class comprised of Defendant's "non-exempt employees who worked in California at any time within four (4) years before the commencement of this action." (Ex. A, FAC, ¶ 28.)

20.     During the alleged putative class period, approximately 2,127 non-exempt employees were employed in California, including former employees.

4

21.     Accordingly, the aggregated number of members of the putative class proposed by Plaintiff far outnumbers the 100 member requirement.

**C.     The Amount in Controversy Exceeds $5,000,000.00.**

22.     While Defendant specifically denies liability as to Plaintiff's claims and the ability for this action to proceed on a class basis, Defendant has a reasonable, good faith belief that the amount in controversy, as alleged in Plaintiff's FAC, exceeds $5,000,000.00, exclusive of interest and costs.

23.     In calculating the amount in controversy under CAFA, the claims of the individual members of a class are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep, S. Rep. No. 109-14, at 42 (2005). Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case … . Overall, § 1332(d) was intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

24.     Plaintiff seeks to assert eight class claims under various provisions of the California Labor Code and the Unfair Competition Law and seeks actual, consequential, and incidental losses and damages, unpaid wages, statutory and civil penalties, attorneys' fees, and costs on behalf of himself and the putative class. Based on a review of employment records, the amount in controversy on Plaintiff's putative class claims exceeds the $5,000,000.00 jurisdictional amount.

**1.     Labor Code § 203 (Plaintiff's Sixth Cause of Action)**

25.     The FAC alleges that "Defendants willfully failed to pay Plaintiff and the Class Members all their wages due … upon the termination of their employment". (Ex. A., FAC, ¶ 92.)

26.     Labor Code § 203(a) states that the wages of an employee who quits "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

27.     The statute of limitations for recovery for waiting time penalties under Labor Code § 203 is three years. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010) (holding that a three year statute of limitations applied to § 203 claims). Thus, for determining the amount in controversy, a three-year statute of limitations applies.

28.     During the three years preceding the filing of the Complaint, approximately 1,038 putative class members are former employees. Defendant denies that these employees were not paid their final wages in a timely manner. However, taking Plaintiff's allegations as true, the amount in controversy for Plaintiff's waiting time penalties claim at a minimum would be approximately **$2,491,200.00** [(1,038 former employees) x ($10.00/hour[1]) x (8 hours per day[2]) x (30 days)].

29.     Therefore, based on the allegations in the FAC, Plaintiff's Labor Code § 203 claim, by itself, satisfies almost half of the jurisdictional amount in controversy under CAFA.

### 2.     Labor Code § 226 (Plaintiff's Fourth Cause of Action)

30.     The FAC alleges that in violation of Labor Code § 226(a), Defendant "regularly and consistently, intentionally and willfully" failed to include the total hours worked, overtime hours worked, gross wages earned, net wages earned, the correct regular rate of pay, overtime and vacation rates of pay and the corresponding hour worked under each rate, all deductions, premium wages owed for missed rest and meal periods, and the correct name and address of the employer, on the wage statements of Plaintiff and the putative class members. (Ex. A, FAC, ¶ 71.)

31.     Labor Code § 226(e) provides an employee a minimum of $50.00 for the initial pay period in which a violation occurs, and $100.00 for each further pay period in which a violation occurs, up to a maximum penalty of $4,000.00 per employee. The statute of limitations for penalties under Labor Code § 226 is one year. Cal. Civ. Proc. Code § 340(a).

/ / /

---

[1] This number reflects Plaintiff's lowest rate of pay while employed.

[2] Based on Plaintiff's pay records, Plaintiff generally worked approximately 40 hours per week.

32.     During the one year preceding the filing of the Complaint, there were approximately 1,501 putative class members, that worked approximately 31,937 pay periods. By multiplying the number of pay periods per putative class member by the potentially applicable penalty ($100.00), subtracting $50.00 for the initial pay period, and capping each putative class member's potential penalty to $4,000.00, the total amount in controversy for the Labor Code § 226 claim alone would be **$3,118,800.00**.

33.     Therefore, based on the allegations in the FAC, Plaintiff's Labor Code § 226 claim, by itself, satisfies more than half of the jurisdictional amount in controversy under CAFA.

### 3.     Plaintiff's Remaining Claims

34.     As set forth above, the minimum jurisdictional amount in controversy is met based solely on the allegations in Plaintiff's FAC regarding just Plaintiff's Labor Code §§ 203 and 226 claims.

35.     Consideration of Plaintiff's remaining claims thus would only extend the degree to which the amount in controversy minimum is exceeded.

36.     Thus, while the jurisdictional amount in controversy is met when considering just the waiting time penalties and inaccurate wage statement claims, if all of Plaintiff's claims are included, there is little doubt the $5,000,000 minimum would be met and exceeded.

### 4.     Attorneys' Fees

37.     Plaintiff additionally seeks attorneys' fees. (Ex. A, FAC, Prayer for Relief.) *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

38.     A reasonable estimate of fees likely recoverable may be used in calculating the amount in controversy. *See Longmire v. HMS Host USA, Inc.*, No. 12-cv-2203 AJB (DHB), 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (citing

*Brady*, 243 F. Supp. 2d at 1010-11); *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (attorneys' fees appropriately included in determining amount in controversy).

39.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation; courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *28 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable).

40.     Thus, the attorneys' fees at issue would be at least 25% of the alleged amount in controversy, which for just Plaintiff's Labor Code § 203 claim and Plaintiff's Labor Code § 226 claim equates to approximately **$1,403,400.00**.

### 5.     Summary of Amount in Controversy for Purposes of Removal

41.     In sum, while the Court need not consider Plaintiff's overtime, or meal and rest period claims (or his request for injunctive relief and other remedies) to conclude that the amount in controversy requirement is satisfied, these additional claims for relief further illustrate that satisfaction of the amount in controversy threshold for CAFA removal is not a close call. Jurisdiction is clear. Assumptions based on the allegations in the FAC for just the above-discussed claims, alone, easily put at issue the following amounts:

/ / /

/ / /

/ / /

| Claim | Amount In Controversy By Plaintiff's Allegations |
|---|---|
| 1. Labor Code § 203 | $2,491,200.00 |
| 2. Labor Code § 226 | $3,118,800.00 |
| Sub-Total | $5,610,000.00 |
| 3. Attorneys' Fees (25%) (on the above claims only) | $1,402,500.00 |
| Total (on the above claims only) | $7,012,500.00 |

42.     Because diversity of citizenship exists, and the amount in controversy plainly exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action is proper for removal to this Court pursuant to 28 U.S.C. § 1441(a).

**IV.     DIVERSITY JURISDICTION**

43.     This action is also removable pursuant to 28 U.S.C. § 1332(a)(1).  As set forth below, this action is removable from state to federal court pursuant to 28 U.S.C. § 1441(a), because this action involves citizens of different states and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs..

44.     As set forth above in Section III.A, because Plaintiff is a citizen of California and Defendant is not a citizen of California, diversity of citizenship exists between Plaintiff and Defendant for purposes of removal.

45.     Plaintiff seeks damages for alleged lost wages.  At minimum, Plaintiff's hourly wage was $10 per hour and, at the time his employment ended, his hourly wage was $17.50 per hour.  Plaintiff worked approximately 200 workweeks within the 4 year period asserted in the FAC.  Assuming Plaintiff was not paid overtime for one hour per workweek to five hours per workweek (at his lowest rate of pay), the amount in controversy on the claim would range from $3,000-$15,000.

46.     Plaintiff also seeks statutory and civil penalties.  For example, Plaintiff asserts that he was not paid penalties for missed meal and rest breaks.  Again, assuming that Plaintiff had one to five meal period violations per workweek (at his lowest rate of pay), the amount in controversy on the claim would be $2000-$10,000.  Similarly, assuming that Plaintiff had one to five rest period violations per workweek (at his lowest rate of pay), the amount in controversy on the claim would be $2000-$10,000.

9

Likewise, to the extent Plaintiff asserts he was not timely paid all wage at the time of his termination, waiting time penalties could amount to approximately $4,200.00.[3]

47.     Plaintiff also seeks to recover attorneys' fees.  (FAC, Prayer for Relief.)  Requests for attorney's fees must be considered in ascertaining the amount in controversy.  *See Galt*, 142 F.3d at 1156.  Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000 if this case proceeded to trial.  *See Cagle v. C&S Wholesale Grocers, Inc.*, No: 2:13-cv-02134 MCE KJN, 2014 WL 651923 (E.D. Cal. Feb. 19, 2014).

48.     While Defendant denies any liability as to Plaintiff's claims, for each of the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a)

## V.     VENUE

49.     Venue lies in the United States District Court, Northern District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1441 and 1446(a). This action was originally in the Superior Court of the State of California, County of Monterey. The County of Monterey is within the jurisdiction of the United States District Court, Northern District of California.

## VI.   NOTICE OF REMOVAL

50.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Monterey, pursuant to 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] These calculations do not include all claims for wages and penalties, which would only increase the amount in controversy, though Defendant denies that Plaintiff can recover any amount of monetary relief.

1

## VII.   PRAYER FOR REMOVAL

2        51.      WHEREFORE, Defendant prays that this civil action be removed from the Superior

3   Court of the State of California, County of Monterey, to the United States District Court for the

4   Northern District of California.

5

6    DATED: March 21, 2019                           SEYFARTH SHAW LLP

7

8                                                    By: */s/ Julie G. Yap*
                                                         Julie G. Yap
9                                                        Tiffany T. Tran
                                                         Phillip J. Ebsworth
10
                                                     Attorneys for Defendant
11                                                   NATIONAL VISION, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

55424984v.2

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL VISION, INC.; and DOES 1 to 100, inclusive

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/13/2018 9:21 AM
By: Janet Nicholson, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAVIER MENDOZA on behalf of himself
and all other similarly situated employees

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso):* **18CV004327** |
|---|---|

Monterey County Superior Court
1200 Aguajito Road
Monterey, CA 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
B. James Fitzpatrick (SBN: 129056)
Fitzpatrick & Swanston, 555 S Main Street, Salinas, CA 93901
Tel: (831) 755-1311

| DATE:<br>*(Fecha)* 11/13/2018 | Clerk, by<br>*(Secretario)* **/s/ Janet Nicholson** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

    National Vision Inc

3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2/22/19

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Mendoza, Javier

James Fitzpatrick, Esq. (SBN: 129056)
Charles Swanston, Esq. (SBN: 181882)
FITZPATRICK & SWANSTON
555 South Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Larry W. Lee (SBN: 228175)
Kristen Agnew (SBN: 247656)
Nicholas Rosenthal (SBN: 268297)
Mai Tulyathan (SBN: 316704)
DIVERSITY LAW GROUP, P.C.
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

Attorneys for Plaintiff,
JAVIER MENDOZA on behalf of himself and all other similarly situated employees

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/22/2019 9:35 AM
By: Justin Borello, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MONTEREY

| | |
|---|---|
| JAVIER MENDOZA on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 18CV004327<br><br>**FIRST AMENDED CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff JAVIER MENDOZA, who on behalf of himself and all other similarly situated current and former employees of Defendant NATIONAL VISION, INC., and members of the public, complains and alleges as follows:

1. As used herein, the term "Plaintiff" includes JAVIER MENDOZA, who is the named Plaintiff and Class Representative herein.

2. Plaintiff and the Class Members alleged herein (collectively, "Class Members") seek remedies for all compensation and penalties due to the Class Members during the "Class Period," which is defined as the period of time beginning four (4) years before the commencement of this action through the date on which final judgment is entered, based upon information and belief that

-1-

1   Defendants are continuing and will continue the unlawful employment practices described herein.

2       3.      Each of the Class Members are identifiable, similarly-situated persons and are now,

3   or at some point during the Class Period were, employed by Defendants.  Plaintiff reserve his right

4   to seek additional amendments of this Complaint to add as named Plaintiff some or all of the

5   persons who are members of the Plaintiff Class.

6       4.      Plaintiff JAVIER MENDOZA ("Plaintiff") is a competent adult who is, and at all

7   times mentioned in this complaint has been, a resident of Monterey County, California.  Plaintiff

8   was employed by Defendants from approximately September 3, 2014, through approximately

9   September 13, 2018, pursuant to an unwritten contract, some of the terms of which were the product

10  of an oral agreement, with other terms implied from or incorporated from written materials and

11  policies maintained by Defendants and from the conduct of the parties. The terms of this contract

12  included, but were not limited to, that Plaintiff would perform services as an Assistant Store

13  Manager, and at all times as an employee not exempted from the California Labor Code and/or the

14  applicable IWC Wage Order. Plaintiff is and at all relevant times was an individual as defined in

15  Business and Professions Code §§ 17201 and 17204.

16      5.      Defendant NATIONAL VISION, INC., is, and at all times mentioned in this

17  Complaint has been, a corporation incorporated under the laws of the State of Georgia, conducting

18  business throughout the State of California, and in the County of Monterey.  Said Defendant has

19  expressly consented to jurisdiction in California, and Plaintiff and the Class Members are informed

20  and believe, and thereon allege, that said Defendant employs individuals who perform duties

21  throughout the State of California and the County of Monterey.

22      6.      Plaintiff and the Class Members are ignorant of the true names, identities, capacities

23  and relationships of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore

24  sues these Defendants by such fictitious names.  Plaintiff and the Class Members are informed and

25  believe, and thereon allege, that each of these fictitiously named Defendants are responsible in some

26  manner for the occurrences herein alleged, and that Plaintiff's and the Class Members' damages as

27  herein alleged were proximately caused by DOES 1 through 100.  Plaintiff will amend this

28  Complaint to allege the true names and capacities of said DOE Defendants when such information

-2-

1   is ascertained.  Each reference to "Defendants," and each reference to any particular Defendant

2   herein, shall be construed to refer to all of those fictitiously named herein as a "DOE" Defendant,

3   and each of them.

4       7.      Plaintiff and the Class Members are informed and believe, and thereon allege, that

5   each of the Defendants herein was at all times relevant to this action the agent, employer,

6   representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and

7   that each of the Defendants herein was at all times acting within the course and scope of that

8   relationship.  Plaintiff and the Class Members are further informed and believe, and thereon allege,

9   that each of the Defendants herein consented to, ratified, and/or authorized the acts of each of the

10  remaining Defendants herein.  The conduct of each of the Defendants was at all times herein in

11  accordance with and represents the official policy of Defendants.  Additionally, at all times herein

12  mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all

13  of the other Defendants, which proximately caused the damages herein alleged.  Plaintiff and the

14  Class Members are further informed and believe, and thereon allege, that all of the Defendants

15  jointly employed Plaintiff and the Class Members herein and/or carried out a joint scheme, business

16  plan and/or uniform policy, and the acts and omissions of each Defendant are legally attributable to

17  the other Defendants such that they are deemed a single integrated enterprise and agents of one

18  another so that all Defendants are each jointly and severally liable for the acts and omissions

19  hereinafter alleged.

20      8.      Defendants NATIONAL VISION, INC., and DOES 1 to 100 (collectively referred

21  to herein as "Defendants") are, and at all times herein were, "persons" as defined in California

22  Business and Professions Code § 17201.

23      9.      At all times during the Class Period, Defendants directly or indirectly, or through an

24  agent or representative, exercised control over the wages, hours and/or working conditions of the

25  Plaintiff and the Class Members, and directly or indirectly or through an agent or other person

26  engaged, suffered, or permitted Plaintiff and the Class Members to work.

## JURISDICTION AND VENUE

27      10.     This Court has jurisdiction over this action pursuant to Article VI, section 10 of the

28

*Mendoza v. National Vision, Inc.*                 First Amended Class Action & PAGA Complaint for
Case No.: 18CV004327                               Damages for Injunctive Relief; Demand for Jury Trial

1    California Constitution. Plaintiff and the Class Members bring this Complaint for violations of

2    California law occurring in the County of Monterey, including without limitation violations of the

3    California Labor Code, Business and Professions Code, Civil Code and common law, and the

4    amount in controversy exceeds the minimum jurisdictional amount of the Superior Court. Based on

5    information and belief, Defendants are citizens of this State and have sufficient minimum contracts

6    in the State, or have otherwise intentionally availed themselves of the benefits and privileges

7    available within this State, economic or otherwise, so as to render the exercise of jurisdiction over

8    them by the courts of the State of California consistent with traditional notations of fair play and

9    substantial justice. Accordingly, this Court has jurisdiction over the parties and claims in this

10   matter.

11       11.    Pursuant to Code of Civil Procedure § 395(a), venue is proper in this judicial district

12   because Defendants now, and throughout the Class Period did, reside and/or transact business in the

13   County of Monterey, employed Plaintiff, employed the Class Members and continue to employ

14   Class Members and other similarly situated persons in the County of Monterey. The conduct

15   alleged herein and the damages resulting therefrom occurred in the County Monterey, and at all

16   times herein Defendants maintained their principal place of business in the County of Monterey,

17   California.

## ADMINISTRATIVE EXHAUSTION

18

19       12.    Pursuant to California Labor Code § 2699.3, Plaintiff gave written notice on

20   September 17, 2018, by electronic filing with the Labor and Workforce Development Agency, and

21   by certified mail to Defendant NATIONAL VISION, INC., of factual and legal basis for the labor

22   law violations alleged in this Complaint. Furthermore, on November 17, 2018, Plaintiff

23   supplemented his September 17, 2018 notice to allege additional labor law violations. Prior to filing

24   this Complaint, Plaintiff allowed 65 days to lapse for the Labor and Workforce Development

25   Agency to investigate such violations.

26       13.    Pursuant to California Labor Code § 2699.3, Plaintiff seeks all applicable penalties

27   for violations which the Labor and Workforce Development Agency has failed or elected not to

28   investigate and/or failed or elected not to issue a citation. Plaintiff has exhausted all administrative

-4-

1  remedies required by the Labor and Workforce Development Agency as a prerequisite to filing this

2  action.

3  <center>**GENERAL ALLEGATIONS**</center>

4      14.    Defendants now, and at all times during the Class Period, own, operate and control a

5  business or establishment that employs persons within the meaning of IWC Wage Order No. 4-2001

6  and California Code of Regulations, title 8, section 11040.

7      15.    Defendants now, and throughout the Class Period, recruit, solicit, hire, employ and

8  furnish employment, and qualify as an employer pursuant to IWC Wage No. Order 4-2001 and title

9  8 of the California Code of Regulations, section 11040 (hereinafter collectively referred to as "the

10  Wage Order"), which applies to occupations in the professional, technical, clerical, mechanical and

11  similar occupations industry.

12      16.    At all times herein alleged, Plaintiff and the Class Members were employees of

13  Defendants under the California Labor Code and were protected by to the provisions of the Wage

14  Order.

15      17.    During the Class Period, Defendants maintained a meal period policy that failed to

16  provide a meal period to Plaintiff and the Class Members that provided for 30 consecutive minutes

17  during which Plaintiff and the Class members were relieved of all duties and free to leave the

18  premises and that began before more than five (5) hours were worked. The policy maintained by

19  Defendants failed to pay Plaintiff and the Class Members one (1) hour of pay at Plaintiff's and the

20  Class Members' regular rate of compensation for each meal period that was not timely provided as

21  required by California Labor Code § 226.7 and the Wage Order.

22      18.    Likewise, during the Class Period, Defendants maintained and enforced a uniform

23  policy by which they repeatedly failed to authorize, permit and provide Plaintiff and the Class

24  Members with paid duty-free rest and recovery periods of at least ten (10) consecutive uninterrupted

25  minutes during which Plaintiff and the Class Members were relieved of all duties for every four (4)

26  hours worked, or major fraction thereof, and which were counted as hours worked for which there

27  would be no deduction from wages.  The policy maintained by Defendants required Plaintiff and the

28  Class Members to abstain from taking more than one rest period on workdays lasting longer than six

<center>-5-</center>

1   hours.  Pursuant to this policy, Defendants failed to compensate Plaintiff and the Class Members

2   one (1) hour of wages at their regular rate of compensation for each rest period not provided, as

3   required by California Labor Code § 226.7 and the Wage Order.  As a consequence of this policy,

4   Plaintiff and the Class Members were forced to work without paid rest periods during the relevant

5   period.

6        19.     During the Class Period, Defendants maintained and enforced a policy that

7   contributed to off-the-clock work.  The Defendants' policy and practice required Plaintiff and the

8   Class Members to clock out using one software system (Ceridian), then after clocking out from

9   work, go in a different computerized software system (DayForce) and approve the hours worked for

10  each particular day.  This would take up to five minutes each and every day during which the

11  employees' time was not being reported and such time was therefore unpaid.  Further, Plaintiff and

12  the Class Members were required to once again, after clocking out from work, approve their hours

13  worked on a weekly basis.  On each occasion that Plaintiff and the Class Members performed daily

14  and weekly approval of hours worked, a pop-up window would appear on the computer monitor

15  stating that the employees were confirming that they were provided with their daily rest and meal

16  periods. Plaintiff and the Class Members were required to perform a key stroke that provided the

17  confirmation in order to approve their hours worked and receive their pay. This uniform policy and

18  practice regularly and consistently resulted in Plaintiff and the Class Members working more than

19  eight hours in a single workday and more than forty (40) hours in a single workweek.  As a result of

20  this policy, Defendants failed to pay Plaintiff and the Class Members overtime premium wages of

21  one and one-half times the employee's regular rate of pay for all hours worked over eight (8) hours

22  in a single workday and/or more than forty (40) hours in a single workweek, as required by

23  California Labor Code §§ 510 and 1194 and the Wage Order.

24       20.     During the Class Period, Defendants violated Labor Code §§ 510, 558, and 1194 by

25  failing to correctly calculate the regular rate of pay during pay periods in which Plaintiff and the

26  Class Members were paid multiple pay rates and received a non-discretionary bonus and/or

27  commission pay.  As a result of such violations, the correct regular rate of pay, the overtime and

28  vacation rates of pay, as well as the gross and net wages earned as reflected on the Plaintiff's and

-6-

1  the Class Members' itemized wage statements were all inaccurately identified, in violation of Labor

2  Code § 226(a).  Specifically, because of the aforementioned miscalculations and underpayment of

3  wages, a rate of overtime and vacation pay was listed on the wage statements for such pay periods

4  that was lower than the rates required by California labor laws, and the values for gross and net

5  wages earned that were identified on said wage statements did not accurately reflect correct amount

6  of wages that should have been paid had the overtime and vacation rates of pay been accurately

7  calculated.  Finally, as a result of such violations, Defendants also violated Labor Code §§ 201-203

8  by failing to pay all wages in a timely manner upon separation of employment pursuant to the

9  above-referenced violations.

10       21.     During the Class Period, Defendants maintained and enforced a uniform policy by

11  which they regularly and consistently violated Labor Code § 226 by, including but not limited to,

12  failing to provide Plaintiff and the Class Members with complete and accurate itemized wage

13  statements accurately stating the total hours worked; overtime hours worked; gross wages earned;

14  net wages earned; the number of piece-rate units earned and any applicable piece rate; all rates of

15  pay in effect during the pay period; regular, overtime and vacation rates of pay that accurately

16  reflected the amount the employer was required under California law to pay; the corresponding

17  number of hours worked under each rate; all deductions; premium wages owed for missed rest and

18  meal periods; the correct name and address of the employer.  Furthermore, during the Class Period,

19  Defendants violated Labor Code section 226(a) during each pay period in which "Retroactive Pay,"

20  "EG/Assoc PIP," and/or "Regular Rate OT" wages were paid; in that whenever such wages were

21  paid, the wage statements issued by Defendants to Plaintiff and the Class Members failed to identify

22  for such wages the applicable rate of pay and/or hours worked under such rates.

23       22.     During the Class Period, Defendants maintained and enforced a uniform policy by

24  which they regularly and consistently violated California Labor Code §§ 201, 202, 204, 218, 221,

25  223, 1194, 1198 and the Wage Order by unlawfully refusing to pay agreed wages to Plaintiff and

26  the Class Members.

27       23.     During the Class Period, Defendants maintained and enforced a uniform policy by

28  which they regularly and consistently violated California Labor Code §§ 201, 202, and 203 by

-7-

1   failing to pay Plaintiff and the Class Members all owing and unpaid wages for work performed by

2   them during their employment and at the end of their employment.

3       24.    During the Class Period, Defendants maintained and enforced a uniform policy by

4   which they regularly and consistently violated California Labor Code §§ 201, 202, 204, 218, 1194,

5   1198, 1199 and the Wage Order by failing to pay all wages owed to Plaintiff and the Class

6   Members for all hours worked, overtime premium wages for all overtime hours worked, and

7   compensation Defendants were required by California law to pay to Plaintiff and the Class

8   Members when Defendants failed to provide them with meal and rest periods that complied with the

9   requirements of California law.

10       25.    Plaintiff and the Class Members are informed and believe, and thereon allege, that at

11   all times herein mentioned, Defendants were advised by skilled lawyers and other professionals,

12   employees and advisors knowledgeable about California labor and wage law, employment and

13   personnel practices, and about the requirements of California law.  Plaintiff and the Class Members

14   are informed and believe, and thereon allege, that throughout the Class Period, Defendants knew or

15   should have known each of the following:

16       a.    That Plaintiff and the Class Members were entitled to receive an

17   uninterrupted thirty (30) minute meal period during which they were relieved of all duties before

18   working more than five hours and a second uninterrupted thirty (30) minute meal period, and, if

19   such meal periods were not provided to them, they were entitled to the payment of one additional

20   hour of pay at their regular rate of pay, and that Plaintiff and the Class Members were not being

21   provided such meal periods and were not receiving one additional hour of pay at their regular rate of

22   pay on occasions when such meal periods were not so provided;

23       b.    That Defendants were obligated to authorize, permit and provide to Plaintiff

24   and the Class Members one ten (10) minute duty-free rest period for every four (4) hours or major

25   fraction thereof worked, and, if such rest period were not so provided, Defendants were required to

26   pay Plaintiff and the Class Members one (1) additional hour of pay at their regular rate of pay, and

27   that Defendants did not authorize, permit and provide such rest periods and, on such occasions, did

28   not provide Plaintiff and the Class Members with one additional hour of pay at their regular rate of

-8-

pay;

        c.      That Plaintiff and the Class Members were entitled to receive premium overtime wages for the overtime hours they worked and that Plaintiff and the Class Members were in fact not receiving premium overtime wages calculated in the manner required by California law for all such overtime hours worked;

        d.      That Plaintiff and the Class Members were entitled to receive their agreed wage, and no less than the agreed wage, as compensation for any and all hours worked by them and that, in violation of the California Labor Code, Defendants failed and refused to pay Plaintiff and the Class Members agreed wages for any and all hours they worked;

        e.      That Plaintiff and the Class Members were entitled to receive complete and accurate wage statements in accordance with California law, and that, in violation of the California Labor Code, Plaintiff and the Class Members were not provided complete and accurate wage statements;

        f.      That Plaintiff and the Class Members were entitled to timely payment of wages during their employment and at the end of their employment, and that Plaintiff and the Class Members did not receive payment of all wages including, but not limited to, meal and rest period premium wages, premium overtime wages, and agreed hourly wages within permissible time periods; and

26.      California Labor Code § 218 states that nothing in Article I of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him under this Article."

## CLASS ACTION ALLEGATIONS

27.      Plaintiff reserves the right under Code of Civil Procedure § 382 to amend or modify the class description with greater specificity, further division into subclasses or with limitations to particular issues.

28.      This action has been brought and may be properly maintained as a class action under the provisions of Code of Civil Procedure § 382 because the questions of law and fact at issue

1  herein are common and of general interest to Plaintiff and the Class Members, the parties are

2  numerous, and it would be impracticable to bring the claims alleged herein before the court as

3  individual claims or through some other than a class action. Plaintiff seeks to represent a class of

4  Defendants' non-exempt employees who worked in California at any time within four (4) years

5  before the commencement of this action through the date of the order granting class certification

6  (the "Class"). Further, Plaintiff seeks to represent subclasses composed of and defined as follows:

    A.   Correct "*Average*" Regular Rate of Pay Subclass:

All current and former employees of Defendants who worked for Defendants in California at any time during the Class Period and who, at any time during the Class Period, were paid for overtime hours worked at a rate that was based on a calculation of their " regular rate of pay that did not take into account commissions earned, incentive and/or piece-rate pay, nondiscretionary bonuses, multiple rates of pay and/or other compensation

    B.   Non-Discretionary Incentive Subclass:

All current and former employees of Defendants who worked for Defendants in California at any time during the Class Period and who, at any time during the Class Period, received non-discretionary incentive pay which was not taken into account when their regular rate of pay was calculated for the purposes of computing the rate at which they would be paid overtime premium wages.

    C.   Meal Period Subclass:

All current and former employees of Defendants who worked for Defendants in California at any time during the Class Period and who, at any time during the Class Period, were paid an hourly wage and were not provided one or more meal periods that complied with the requirements of California law..

    D.   Rest Period Subclass:

All current and former employees of Defendants who at any time during the Class Period worked for Defendants in California and who, at any time during the Class Period, were paid an hourly wage and who did not receive one or more rest periods that complied with the requirements of California law.

    E.   Non-Compliant Wage Statement Subclass:

All current and former employees who are or were employed by Defendants in California at any time during the

-10-

1
2
3

Class Period and who at any time during the period beginning one year before the commencement of this action and continuing throughout the Class Period, were paid any wages and received one or more wage statements from Defendants.

4

**A.     Numerosity**

5

29.     The Class Members are so numerous that joinder of all the members of the class is

6

not feasible and not practical. While the precise number the Class Members has not been

7

determined at this time, Plaintiff are informed and believe that Defendants currently employ, and

8

during the Class Period regularly employed, more than 500 employees in California in non-exempt

9

positions.  The identities of the Class Members are readily ascertainable by inspection of

10

Defendants' employment records.  Moreover, joinder of all members of the proposed class is not

11

practicable, and individual damages for each member is not anticipated to be sufficiently high to

12

allow for practical resolution through individualized litigation.

13

**B.     Commonality and Predominance**

14

30.     There are questions of law and fact common to each Class Member that predominate

15

over any questions affecting only individual Class Members.  These common questions of law and

16

fact include, without limitation:

17

a.     Whether Defendants violated California Labor Code §§ 226.7 and 512 and

18

the Wage Order by failing to provide a 30 minute duty-free meal period within the first five hours of

19

each workday to Plaintiff and the Class Members on days they worked in excess of (5) five hours

20

and with a second thirty (30) minute uninterrupted duty-free meal period commencing before they

21

worked more than ten (10) hours;

22

b.     Whether Defendants violated Labor Code § 226.7 and the Wage Order by

23

failing to provide a paid ten (10) minute duty-free rest period to Plaintiff and the Class Members for

24

every four hour work period or major fraction thereof, and by failing to compensate Plaintiff and the

25

Class Members one hour of wages for such missed and/or unpaid/underpaid rest periods;

26

c.     Whether Defendants violated Labor Code §§ 510 and 1194 and the Wage

27

Order by failing to pay Plaintiff and the Class Members the appropriate premium overtime wages

28

for all overtime hours worked;

-11-

1      d.     Whether Defendants violated California Labor Code § 226 by failing to

2    provide accurate itemized wage statements to Plaintiff and the Class Members containing all of the

3    information required by Labor Code § 226;

4      e.     Whether Defendants violated California Labor Code §§ 201, 202, 204, 218,

5    221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members agreed wages for

6    all work performed by them;

7      f.     Whether Defendants violated Labor Code §§ 201, 202, 203 and 204 by

8    failing to timely pay Plaintiff and the Class Members all wages for work performed by them during

9    their employment and failing to timely pay Plaintiff and the Class Members at the end of their

10   employment all wages for work performed by them during their employment;

11     g.     Whether Defendants violated Labor Code § 2810.5 and the Wage Order by

12   failing to provide Plaintiff and the Class Members at the time of hiring with written notice, in the

13   language the employer normally uses to communicate, of wage and other employment-related

14   information;

15     h.     Whether Defendants' failure to pay wages and premiums in accordance with

16   the California Labor Code and the Wage Order was willful;

17     i.     Whether Defendants' conduct as alleged throughout this complaint was

18   willful or reckless;

19     j.     Whether Defendants violated Labor Code § 1198 and the Wage Order by

20   failing to keep accurate records with respect to each employee;

21     k.     The appropriate amount of damages, restitution and/or monetary penalties

22   resulting from Defendants' violations of California law;

23     l.     Whether Plaintiff and the Class members are entitled to equitable relief,

24   including but not limited to, injunctive and declaratory relief, pursuant to Business and Professions

25   Code §§ 17200 et seq.; and

26     m.     Whether Defendants violated Business and Professions Code §§ 17200 et

27   seq., by failing to provide meal and paid rest periods mandated by Labor Codes § 226.7, 512 and the

28   Wage Order; by failing to compensate Plaintiff and the Class Members one (1) hour of pay for meal

-12-

1  periods and rest periods that were not provided; by failing to pay regular and overtime wages for all

2  hours worked; by failing to provide complete and accurate wage statements to Plaintiff and the

3  Class Members in accordance with Labor Code § 226; by failing to pay agreed wages; and by

4  failing to timely provide all wages due to Plaintiff and the Class Members throughout and at the end

5  of their employment.

6  **C.     Typicality**

7       31.    The claims of Plaintiff are typical of the claims of the Class Members.  Plaintiff

8  and the Class Members sustained injuries and damages arising out of and caused by the

9  Defendants' common course of conduct in violation of statutes, common law, wage orders

10  and/or regulations that have the force and effect of law, as alleged herein.  Plaintiff shares a well-

11  defined community of interest with the Class Members and is qualified to, and will, fairly and

12  adequately protect the interests of each Class Member.

13  **D.     Adequacy of Representation**

14       32.    Plaintiff will fairly and adequately represent and protect the interests of the Class

15  Members.  Plaintiff acknowledges Plaintiff's obligation to make known to the Court any

16  relationship, conflict or difference with any Class Member.  Plaintiff have incurred and

17  throughout this action will continue to incur, costs and attorneys' fees necessarily expended for

18  the prosecution of this action for the substantial benefit of each Class Members.  Counsel who

19  represents Plaintiff is competent and experienced in litigating class actions, versed in the rules

20  governing class action discovery, certification, settlement and trial, and will vigorously and

21  competently pursue the claims of Plaintiff and the Class Members.

22  **E.     Superiority**

23       33.    The nature of this action makes the use of class action adjudication superior to

24  other methods.  The class action will achieve economies of time, effort and expense as compared

25  with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent

26  outcomes because the same issues will be adjudicated in the same manner and at the same time

27  for the entire class.

28  //

**F.    Public Policy Consideration**

34.    Employers in the State of California violate employment and labor laws on a daily basis. Employees are often intimidated and afraid to assert their rights out of fear that they will be subjected to direct or indirect retaliation by their employers. Former employees (those who are no longer employed by a particular employer who had subjected them to employment and labor law violations) are fearful of bringing actions against their former employers because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide Class Members who are not named in the complaint with vindication of their rights while also protecting their privacy and shielding them from retaliation.

<div align="center">

**FIRST CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 512; and the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

</div>

35.    Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

36.    California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission. Labor Code § 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

37.    Throughout the Class Period, the Wage Order and California Labor Code § 512(a) provided that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

38.    During the Class Period, Defendants and/or their authorized supervisors repeatedly failed to comply with the meal period requirements of the Labor Code and the Wage Order by failing to provide Plaintiff and the Class Members with a thirty (30) minute uninterrupted duty-free

<div align="center">-14-</div>

1   meal period within five (5) hours of the beginning of their shift, in violation of Labor Code §§ 512,

2   226.7, and the Wage Order.  Defendants also failed to compensate Plaintiff and the Class Members

3   one (1) hour of wages for any of the missed meal periods not provided by Defendants, as alleged

4   above, which failure also violated Labor Code §§512 and 226.7 and the Wage Order. Pursuant to

5   the Wage Order and California Labor Code § 226.7(b), Plaintiff and the Class Members are entitled

6   to recover from Defendants one (1) additional hour of pay at their regular hourly rate of

7   compensation for each meal period violation as alleged herein.

8          39.     Defendants were at all times aware of the Labor Code and Wage Order requirements

9   that they provide Plaintiff and the Class Members with such meal periods and was aware that

10  Plaintiff and the Class Members regularly worked more than five (5) hours without receiving

11  mandated meal periods.  Thus, Defendants willfully violated the provisions of Labor Code §§ 226.7

12  and 512 and the Wage Order.

13         40.     As a result of the unlawful conduct of Defendants, Plaintiff and the Class Members

14  have been deprived of wages and other compensation in amounts to be determined at trial, and are

15  entitled to recovery of such amounts.

16         41.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**SECOND CAUSE OF ACTION**

17  **Failure to Provide Rest Periods or Compensation in Lieu Thereof**

18  **(Labor Code § 226.7; and the Wage Order)**

**(Plaintiff and the Class Members against all Defendants)**

19         42.     Plaintiff and the Class Members allege and incorporate by reference all of the

20  allegations contained in the preceding paragraphs as though fully set forth herein.

21         43.     California Labor Code § 226.7 provides that no employer shall require an employee

22  to work during any rest period mandated by an applicable order of the California Industrial Welfare

23  Commission.  Labor Code Section 226.7 further provides that if an employer fails to provide an

24  employee a meal period or rest period in accordance with an applicable order of the Industrial

25  Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the

26  employee's regular rate of compensation for each workday that the meal or rest period is not

27  provided.

28         44.     The Wage Order and California Labor Code § 226.7 provides that every employer

-15-

1   shall provide and shall authorize and permit all employees to take rest periods, which insofar as

2   practicable shall be in the middle of each work period, and that the rest period time shall be based

3   on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or

4   major fraction thereof, unless the total daily work time is less than three and one-half hours.

5       45.     During the Class Period, on days in which Plaintiff and the Class Members worked

6   at least three and one half hours, Defendants regularly and repeatedly required Plaintiff and the

7   Class Members to work four (4) hours and/or a major fraction thereof without providing,

8   authorizing or permitting at least one ten (10) minute rest period during which Plaintiff and the

9   Class Members were relieved of all duties (hereafter "rest period") per each four (4) hour period, or

10  a major fraction thereof, worked.

11      46.     During the Class Period, Defendants failed to pay Plaintiff and the Class Members a

12  premium of one (1) hour pay at their regular rate of pay for each rest period not provided,

13  authorized, and permitted as alleged herein, pursuant to Labor Code § 226.7.

14      47.     Labor Code § 1198 provides that "The maximum hours of work and the standard

15  conditions of labor fixed by the commission shall be the maximum hours of work and the standard

16  conditions of labor for employees. The employment of any employee for longer hours than those

17  fixed by the order or under conditions of labor prohibited by the order is unlawful."

18      48.     Defendants were at all times aware of the Labor Code and Wage Order requirements

19  that they provide Plaintiff and the Class Members with the rest periods described above and were

20  aware that Plaintiff and the Class Members regularly worked more than four (4) hours or major

21  fraction thereof without receiving mandated rest periods. Defendants therefore at all times willfully

22  violated the provisions of Labor Code § 226.7 and the Wage Order.

23      49.     Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and the

24  Class Members are entitled to recover from Defendants one (1) additional hour of pay at their

25  regular hourly rate of compensation for each workday that a rest period was not provided. As a

26  result of the unlawful conduct of Defendants, Plaintiff and the Class Members have been deprived

27  of wages and compensation in amounts to be determined at trial, and are entitled to recovery of such

28  amounts.

-16-

1      50.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**THIRD CAUSE OF ACTION**
**Failure to Pay Hourly and Overtime Wages**
**(California Labor Code §§ 510 and 1194; and the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

51.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

52.     Plaintiff and the Class Members base this cause of action upon Defendants' willful and intentional violations of the California Labor Code and Industrial Welfare Commission requirements that Defendants pay Plaintiff and the Class Members for all hours worked, including the requirement to pay premium overtime wages to Plaintiff and the Class Members for work they performed in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, and/or on the seventh consecutive day in a workweek.

53.     Pursuant to Labor Code § 204, as well as other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

54.     Labor Code § 510 provides that "any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

55.     Labor Code § 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

56.     Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

57.     During the Class Period, Defendants required Plaintiff and the Class Members on a regular and repeated basis to work shifts exceeding eight (8) hours in a workday, and to work more than forty (40) hours in a workweek, which hours were often not recorded, without paying overtime

-17-

1 premium wages at a rate of no less than one and one-half times their regular rate of pay.

2       58.    During the Class Period, Defendants knew or had reason to know that Plaintiff and

3 the Class Members were regularly and consistently required to work more than eight (8) hours in a

4 day, and work more than forty (40) hours in a week, without being paid the appropriate premium

5 overtime wage required by Labor Code §§ 510 and 1194.

6       59.    During the Class Period, Defendants' conduct as alleged herein amounted to a

7 uniform pattern of unlawful wage and hour practices which resulted from the implementation of

8 uniform policies and practices by which Defendants failed to accurately record all hours worked by

9 Plaintiff and the Class Members thereby denying payment of overtime premium wages to Plaintiff

10 and the Class Members for overtime hours worked.

11       60.    In committing the violations of the California Labor Code as alleged herein,

12 Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other

13 benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements

14 and other applicable laws and regulations.

15       61.    As a direct result of Defendants' unlawful wage practices as alleged herein, Plaintiff

16 and the Class Members have been denied full compensation for all hours worked by them including,

17 but not limited to, premium overtime wages for overtime hours.

18       62.    Labor Code § 515 and the Wage Order set forth various exemptions by which

19 certain categories of employees are exempt from the protections of the overtime laws contained in

20 the Labor Code. At no time during the Class Period did any of these exemptions apply to Plaintiff

21 and/or the Class Members.  Moreover, at no time were Plaintiff and/or the Class Members subject to

22 a valid collective bargaining agreement that would preclude the causes of action set forth in this

23 complaint. Rather, Plaintiff and the Class Members bring this action because of Defendants'

24 violations of non-waiveable rights guaranteed to them by the State of California.

25       63.    As a direct consequence of Defendants' unlawful failure to pay Plaintiff and the

26 Class Members the full and accurate amount of all earned wages at the appropriate rate for the true

27 number of hours they worked, Plaintiff and the Class Members have suffered and will continue to

28 suffer economic injuries in an amount which is presently unknown to them and which will be

1   ascertained according to proof at trial.

2       64.     In performing the acts and practices in violation of California labor laws as herein

3   alleged, Defendants have acted and continue to act intentionally, oppressively and maliciously

4   towards Plaintiff and the Class Members, with a conscious disregard for their legal rights and the

5   consequences to them, and with the intent of depriving them of their property and legal rights and

6   otherwise causing them injury, in order to increase Defendants' profits at the expense of Plaintiff

7   and the Class Members.

8       65.     Plaintiff and the Class Members request recovery of all unpaid wages, including

9   overtime premium wages, in an amount according to proof, interest on such amounts, statutory

10  costs, and the assessment of any and all statutory penalties against Defendants, all in the sums as

11  provided by the California Labor Code and/or other applicable statutes. In addition, to the extent

12  that overtime compensation is owed to Plaintiff and the Class Members whose employment has

13  been terminated, Defendants' conduct violates Labor Code §§ 201 and/or 202, entitling Plaintiff and

14  the Class Members to waiting time penalties under Labor Code § 203, which penalties are sought

15  herein on behalf of Plaintiff and the Class Members.

16      66.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

17                          **FOURTH CAUSE OF ACTION**
    **Failure to Comply with Itemized Employee Wage Statement Requirements**

18      **(California Labor Code §§ 226, 1174 and 1175; and the Wage Order)**
            **(Plaintiff and the Class Members against all Defendants)**

19      67.     Plaintiff and the Class Members allege and incorporate by reference all of the

20  allegations contained in the preceding paragraphs as though fully set forth herein.

21      68.     Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage

22  statements all deductions from payment of wages, to accurately report total hours worked, to report

23  the rate of pay for hours worked, and keep the records on file at the place of employment or at a

24  central location within the State of California.  Defendants have knowingly and intentionally failed

25  to comply with Labor Code § 226(a) and the Wage Order with respect to wage statements they have

26  provided to Plaintiff and the Class Members.

27      69.     Labor Code § 1174 and the Wage Order requires Defendants to maintain and

28  preserve, at the place of employment or at a central location within the State of California, among

-19-

1  other items, accurate records showing the names and addresses of all employees employed, payroll

2  records accurately showing the hours worked daily and the wages paid to its employees.

3  Defendants have knowingly and intentionally failed to comply with these requirements in violation

4  of Labor Code §§ 1174 and 1175 and the Wage Order.

5        70.    Labor Code § 226(a) and the Wage Order provide that every employer shall,

6  semimonthly or at the time of each payment of wages, furnish each of its employees an accurate

7  itemized statement in writing showing the inclusive dates of the pay period, gross wages earned,

8  total hours worked by the employee, the number of piece rate units and the applicable rate, all

9  deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the

10 name of the employee and the last four digits of the employee's identification number, the name and

11 address of the legal entity that is the employer and all applicable hourly rates in effect during the

12 pay period and the corresponding numbers of hours worked at each hourly rate by the employee.

13 Labor Code § 226(a) mandates that deductions made from payments of wages shall be recorded in

14 ink, properly dated and a copy of the statement or a record of deductions be kept on file by the

15 employer for at least three years.  Moreover, the Wage Order requires Defendants to maintain time

16 records for each employee showing including, but not limited to, an accurate report of the total

17 hours worked by each employee, when the employee begins and ends each work period, meal

18 periods, and total daily hours worked in itemized wage statements, and all deductions from payment

19 of wages.

20       71.    At all times herein alleged, Defendants have regularly and consistently, intentionally

21 and willfully, failed to provide Plaintiff and the Class Members with complete and accurate wage

22 statements.  The deficiencies include, among other things, the failure to include the total hours

23 worked, overtime hours worked, gross wages earned, net wages earned, the correct regular rate of

24 pay, overtime and vacation rates of pay and the corresponding number of hours worked under each

25 rate, all deductions, premium wages owed for missed rest and meal periods, the correct name and

26 address of the employer.

27       72.    The Wage Order provides that an employer must keep accurate information with

28 regard to each employee, which shall include time records showing when the employee begins and

-20-

1   ends each work period, split shift intervals, total daily hours worked and total hours worked in the

2   pay period and the applicable rates of pay.

3       73.     During the Class Period, Defendants continually failed to keep accurate records and

4   information with regard to Plaintiff and the Class Members as required by the Wage Order.

5   Defendants repeatedly provided Plaintiff and the Class Members with wage statements that, among

6   other inaccuracies, failed to include complete and accurate information on the following: (1) gross

7   wages earned; (2) total hours worked by each employee; (3) all deductions from Plaintiff's and the

8   Class Members' wages; (4) Plaintiff's and the Class Members' net wages earned; and (5) all

9   applicable hourly rates in effect during the pay period and the corresponding number of hours

10  worked at each hourly rate by Plaintiff and the Class Members.

11      74.     As a result of Defendants' violation of Labor Code §§ 226(a), 1174 and 1175, as

12  well as the Wage Order, Plaintiff and the Class Members have suffered injury and damage to their

13  statutorily-protected rights. These injuries and damages include, but are not limited to, the denial of

14  their legal right to receive and their protected interest in receiving accurate, itemized wage

15  statements under Labor Code § 226(a). Moreover, the inaccurate and incomplete wage statements

16  provided by Defendants deceived Plaintiff and the Class Members about the wages and other

17  compensation to which they were entitled and deprived them of such wages and compensation. As

18  a further result of Defendants' failure to provide Plaintiff and the Class Members with accurate

19  wage statements in accordance with Labor Code § 226 and to keep accurate time records as required

20  by the Wage Order , Plaintiff and the Class Members have suffered injuries and are entitled to

21  penalties under Labor Code § 226 and Labor Code § 226.3 which states that any employer who

22  violates § 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars

23  ($250.00), per employee per violation in an initial citation. The civil penalty provided for in this

24  section is in addition to any other penalty provided by law, in an amount to be proven at trial.   The

25  injuries suffered by Plaintiff and the Class Members include, but are not limited to, having been,

26  and continuing to be, forced to conduct investigations and perform mathematical computations in an

27  attempt to reconstruct their time records; the inability to reconstruct their time records; the inability

28  to discern the amount of wages they were paid and/or the applicable wage rate; the inability to

-21-

1  determine the number of hours including, but not limited to, overtime hours they worked; the

2  inability to determine the number of rest periods and meal periods they were forced to forego; the

3  inability to determine whether they were compensated for all meal and rest periods of which they

4  had been deprived; the inability to determine whether they were paid all wages due for work they

5  performed; the inability to determine the amount of wages owing and unpaid; having been, and

6  continuing to be, forced to hire attorneys and initiate a lawsuit in order to ascertain the

7  aforementioned information.

8       75.    Plaintiff and the Class Members are further entitled to recover from Defendants the

9  greater of their actual damages caused by Defendants' failure to comply with Labor Code § 226(a),

10  or an aggregate penalty not exceeding four thousand dollars ($4,000.00).

11       76.    Plaintiff and the Class Members are also entitled to injunctive relief to ensure

12  compliance with this section, pursuant to Labor Code § 226(g).

13       77.    Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a

14  knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to

15  recover the greater of all actual damages or $50.00 for the initial pay period in which a violation

16  occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an

17  aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable attorneys' fees.

18  Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive relief to ensure

19  compliance with Labor Code § 226 and is entitled to an award of costs and reasonable attorneys'

20  fees.

21       78.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**FIFTH CAUSE OF ACTION**
**Failure and Refusal to Pay Agreed Wages**
22  **(California Labor Code § 201, 202, 204, 218, 221, 223, 1194, 1198; and the Wage Order)**
23  **(Plaintiff and the Class Members against all Defendants)**

24       79.    Plaintiff and the Class Members allege and incorporate by reference all of the

25  allegations contained in the preceding paragraphs as though fully set forth herein.

26       80.    Labor Code §§ 201, 202, 204, 218, 221, 223, 1194 and 1198, together with the

27  Wage Order, provide that employees have an immediate and vested right to receive agreed wages

28  for work they were engaged, suffered and permitted to perform.

-22-

1    81.    At all times herein alleged, as a result of uniform policies maintained and enforced

2    by Defendants, the object and/or foreseeable consequence of which were to deny such wages to

3    Plaintiff and the Class Members, Defendants employed Plaintiff and the Class Members at agreed

4    wages and refused to pay such wages to Plaintiff and the Class Members for all hours they worked

5    by a multitude of unlawful practices including, but not limited to:

6         a.    Requiring Plaintiff and the Class Members to perform work, before clocking

7    in and after clocking out through Defendants' time-keeping system, on a regular and routine basis;

8    and

9         b.    Retaining control over Plaintiff and the Class Members and requiring them

10   to be present and perform work without pay on a regular and routine basis.

11   82.    Defendants at all times knew or had reason to know that Plaintiff and the Class

12   Members were performing the aforementioned work without pay and that the practices referenced

13   above deprived Plaintiff and the Class Members of wages for work performed by them.

14   83.    At all times relevant herein, Labor Code § 223 provided, in relevant part: "Where

15   any . . . contract requires an employer to maintain the designated wage scale, it shall be unlawful to

16   secretly pay a lower wage while purporting to pay the wage designated by . . . contract."  At all

17   times relevant herein, Plaintiff and the Class Members and Defendants were parties to an

18   employment contract pursuant to which they had agreed Plaintiff and the Class Members were to be

19   paid a designated wage scale for each hour worked, and the payment of overtime premium wages

20   and meal and rest period premiums as required by the Labor Code and the Wage Order.  By

21   repeatedly and consistently failing to pay regular wages to Plaintiff and the Class Members at the

22   agreed wage scale and failing to pay premium overtime wages and meal and rest period premiums

23   as required by the Labor Code and the Wage Order, elsewhere alleged herein, Defendants violated

24   Labor Code § 223, depriving Plaintiff and the Class Members of the payment of wages according to

25   the agreed wage scale.

26   84.    Defendants continually failed and refused to pay to Plaintiff and the Class Members

27   all wages earned, despite demands being made.

28   85.    Pursuant to Labor Code § 225.5, an employer who unlawfully withholds wages due

-23-

1   to an employee in violation of § 216 shall be subject to a civil penalty.  One hundred dollars ($100)

2   is assessed for the initial violation for each failure to pay each employee, and two hundred dollars

3   ($200) for each subsequent violation, in addition to 25 percent of the amount unlawfully withheld.

4        86.   As a direct and proximate result of Defendants' willful refusal to pay all wages due

5   to the Plaintiff and the Class Members, Defendants are liable for wages owing and unpaid, with

6   interest thereon, and for penalties under Labor Code § 225.5.

7        87.   WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**SIXTH CAUSE OF ACTION**
**Failure to Pay All Wages Upon Termination**
8   **(California Labor Code §§ 201, 202 and 203; and the Wage Order)**
9   **(Plaintiff and the Class Members against Defendants)**

10       88.   Plaintiff and the Class Members allege and incorporate by reference all of the

11  allegations contained in the preceding paragraphs as though fully set forth herein.

12       89.   Labor Code § 203 provides that if an employer willfully fails to pay wages owed in

13  accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a

14  penalty from the due date, and at the same rate until paid, but the wages shall not continue for more

15  than thirty (30) days.

16       90.   Labor Code § 201 provides if an employer discharges an employee, the wages

17  earned and unpaid at the time of discharge are due and payable immediately.

18       91.   Labor Code § 202 provides that an employee is entitled to receive all unpaid wages

19  no later than 72 hours after an employee quits his or her employment, unless the employee has

20  given seventy two (72) hours previous notice of his or her intention to quit, in which case the

21  employee is entitled to his or her wages at the time of quitting.

22       92.   Defendants willfully failed to pay Plaintiff and the Class Members all their wages

23  due, as alleged hereinabove and hereinafter, upon the termination of their employment within the

24  times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time penalty.

25  Plaintiff and the Class Members are entitled to recover from Defendants the statutory penalty for

26  each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum

27  pursuant to California Labor Code § 203.

28       93.   WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

-24-

**SEVENTH CAUSE OF ACTION**
**California Labor Code Private Attorneys General Act of 2004**
**(California Labor Code § 2698)**
**(Plaintiff against Defendant NATIONAL VISION, INC.)**

94.     Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

95.     California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code Sections enumerated in Labor Code Section 2699.5.

96.     Defendant NATIONAL VISION, INC.'s conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

        a.     Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants' failure to provide Plaintiff and the employees with meal and rest periods or compensation in lieu thereof, as herein alleged;

        b.     Violation of Labor Code §§ 510, 558, and 1194 by failing to correctly calculate the correct regular rate of pay for a pay period when Plaintiff and the employees were paid multiple pay rates and a non-discretionary bonus/commission pay as herein alleged;

        c.     Violation of Labor Code §§ 1194, 1197, 1197.1, 1199 for Defendants' failure to compensate for all hours worked with at least minimum wages as herein alleged;

        d.     Violation of Labor Code §§ 510 and 1198 for Defendants' failure to pay overtime wages to Plaintiff and the employees as herein alleged;

        e.     Violation of Labor Code §§ 201, 202, 203, 218, 221, 223, 1194 and 1198 for Defendants' failure to provide agreed wages and all earned wages as herein alleged;

        f.     Violation of Labor Code § 204 for failure to pay all earned wages in a timely manner following the end of each pay period;

        g.     Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all earned wages upon discharge as herein alleged; and

        h.     Violations of Labor Code § 226(a) for non-compliant wage statements.

97.     California Labor Code Section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section

-25-

1   1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . .

2   standard conditions of labor for employees. The employment of any employee . . . under conditions

3   of labor prohibited by the order is unlawful."

4         98.    Defendant NATIONAL VISION, INC., at all times relevant to this complaint, was

5   an employer or person acting on behalf of an employer who violated Plaintiff and the employees'

6   rights by violating various sections of the California Labor Code as set forth above.

7         99.    Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3, and

8   2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and

9   collection of unpaid wages and civil penalties for Plaintiff and the employees, and the State of

10   California against Defendant NATIONAL VISION, INC., in addition to other remedies, for

11   violations of California Labor Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 221, 225.5, 226,

12   226(a), 226.7, 510, 512(a), 558, 1194, 1197, 1197.1, 1198, 2699(f-g) and the Wage Order.

13         100.   WHEREFORE, Plaintiff request relief as hereinafter prayed for.

### EIGHTH CAUSE OF ACTION
**Unfair Business Practices**
**(California Business and Professions Code §§ 17200 et seq. and Common Law)**
**(Plaintiff and the Class Members against all Defendants)**

16         101.   Plaintiff and the Class Members allege and incorporate by reference all of the

17   allegations contained in the preceding paragraphs as though fully set forth herein.

18         102.   Plaintiff and the Class Members suffered direct injury as a result of the Defendants'

19   conduct, as alleged in the preceding paragraphs, and bring this action under Code of Civil Procedure

20   § 382. The deprivation by Defendants of Plaintiff and the Class Members from wages due and

21   lawful meal and rest periods, and Defendants' provision of inaccurate wage statements are unlawful

22   business practices within the meaning of Business and Professionals Code § 17200, et seq.

23   including, but not limited to, a violation of the Wage Order, regulations, and statutes, and further,

24   whether or not in violation of the aforementioned Wage Order, regulation and statutes, amount to

25   practices which are otherwise unfair.

26         103.   Under Business and Professions Code § 17200, et seq., including, but not limited to,

27   §§ 17201, 17203, and 17208, Plaintiff and the Class Members assert standing on behalf of

28   themselves as alleged herein. Plaintiff and the Class Members seek, among others, restitution of

1  compensation due throughout the Class Period.

2      104.    At all times herein alleged, Defendants have committed violations of law, as

3  described herein, including, but not limited to:

4          a.    Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants' failure

5  to provide Plaintiff and the Class Members with meal and rest periods or compensation in lieu

6  thereof, as herein alleged;

7          b.    Violation of Labor Code §§ 510, 558, and 1194 by failing to correctly

8  calculate the correct regular rate of pay for a pay period when Plaintiff and the employees were paid

9  multiple pay rates and a non-discretionary bonus/commission pay as herein alleged;

10          c.    Violation of Labor Code §§ 510 and 1198 for Defendants' failure to pay

11  overtime wages to Plaintiff and the Class Members as herein alleged;

12          d.    Violation of Labor Code §§ 1194, 1197 and 1197.1 for Defendants' failure

13  to compensate Plaintiff and the Class Members for all hours worked with at the agreed wages as

14  herein alleged;

15          e.    Violations of Labor Code § 226(a) for failure to provide accurate wage

16  statements to Plaintiff and the Class Members as herein alleged;

17          f.    Violation of Labor Code §§ 201, 202, 203, 204, 218, 221, 1194 and 1198 for

18  Defendants' failure to provide Plaintiff and the Class Members agreed wages for all hours they

19  worked;

20          g.    Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all

21  earned wages to Plaintiff and the Class Members upon discharge as herein alleged;

22          h.    Violation of Labor Code §§ 201, 202 and 204 for failure to pay all earned

23  wages owed to Plaintiff and the Class Members throughout the Class Period as set forth more fully

24  below; and

25      105.    These unlawful and unfair business practices defeat the public interest purposes of

26  the State's labor laws, as set forth in the sections of the California Labor Code, the California Code

27  of Regulation and the Wage Order referenced elsewhere in this complaint, all of which promote

28  compliance with labor laws and employment regulations by participants in Defendants' industry.

-27-

1    106.    Defendants' unfair and unlawful business practices thus have violated the sections of

2  the Labor Code, California Code of Regulation and IWC Wage Orders referenced in this complaint

3  and have imposed harm on their employees and their competitors and will continue to do so until

4  abated.  As a result of these unfair and unlawful business practices, Defendants have retained

5  monies belonging to Plaintiff and the Class Members and they have been unjustly enriched at

6  Plaintiff's and the Class Members' expense.  Plaintiff and the Class Members are entitled to

7  restitution of the wages and monies withheld and retained by Defendants at all times relevant to this

8  action, and a preliminary and permanent injunction requiring Defendants to pay all wages and sums

9  due to Plaintiff and the Class Members, to provide mandatory rest and meal periods, and to provide

10  accurate and complete wage statements.

11    107.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class

12  Members have suffered injury and loss of money.

13    108.    This action will result in the enforcement of an important right affecting the public

14  interest.  The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful

15  and harmful to Plaintiff and the Class Members and the general public.  Accordingly, under Code of

16  Civil Procedure § 1021.5, Plaintiff and the Class Members are entitled to an award of reasonable

17  attorneys' fees according to proof.

18    109.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter prayed

19  for.

### PRAYER FOR RELIEF

20
21  WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Class Members, prays as
  follows:
22
### CLASS CERTIFICATION

23    1.    That this action be certified as a class action and that the class identified herein be

24  certified;

25    2.    That Plaintiff be appointed as the representative of all the Class Members;

26    3.    That counsel for Plaintiff be appointed as class counsel.

### AS TO THE FIRST CAUSE OF ACTION
27
28    4.    That the Court declare, adjudge and decree that Defendants violated California

-28-

1  Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all meal

2  periods to Plaintiff and the Class Members;

3       5.     That the Court grant an award to Plaintiff and the Class Members of one (1) hour

4  of pay at each employee's regular rate of compensation for each workday that a meal period was

5  not provided;

6       6.     For all actual, consequential and incidental losses and damages, according to

7  proof;

8       7.     For premiums pursuant to California Labor Code § 226.7(b);

9       8.     For prejudgment interest on any unpaid wages from the date such amounts were

10  due;

11       9.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred

12  herein pursuant to California Labor Code § 211; and

13       10.     For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE SECOND CAUSE OF ACTION**

14
15       11.     That the Court declare, adjudge and decree that Defendants violated California

Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all rest periods

16  to Plaintiff and the Class Members;

17
18       12.     That the Court grant an award to the Plaintiff and the Class Members of one (1) hour

of pay at each employee's regular rate of compensation for each workday that a rest period was not

19  provided;

20
21       13.     For all actual, consequential and incidental losses and damages, according to proof;

22       14.     For premiums pursuant to California Labor Code § 226.7(b);

23       15.     For prejudgment interest on any unpaid wages from the date such amounts were

24  due;

25       16.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein

pursuant to California Labor Code § 211; and

26
27       17.     For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE THIRD CAUSE OF ACTION**

28       18.     That the Court declare, adjudge and decree that Defendants violated California

Labor Code §§ 510, 1194, and 1198, and the Wage Order by willfully failing to pay overtime wages to Plaintiff and the Class Members;

19.     That the Court grant an award to Plaintiff and the Class Members for Defendants willfully failing to pay overtime wages due to Plaintiff and the Class Members;

20.     For all actual, consequential and incidental losses and damages, according to proof;

21.     For prejudgment interest on any unpaid wages from the date such amounts were due;

22.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 218.5, 218.6, 558, 1194; and

23.     For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE FOURTH CAUSE OF ACTION

24.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226, 1174 and 1198 and the Wage Order as to Plaintiff and the Class Members and that Defendants willfully failed to provide accurate itemized wage statements to Plaintiff and the Class Members;

25.     For all actual, consequential and incidental losses and damages, according to proof;

26.     For statutory penalties pursuant to California Labor Code § 226(e);

27.     For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to California Labor Code § 226(g);

28.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 226.3; and

29.     For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE FIFTH CAUSES OF ACTION

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, 218, 221, 223, 1194, 1198 and the Wage Order by willfully failing to pay agreed wages due to Plaintiff and the Class Members;

31.     That the Court grant an award to Plaintiff and the Class Members for Defendants willfully failing to pay agreed wages due to Plaintiff and the Class Members;

32.     For all actual, consequential and incidental losses and damages, according to proof;

-30-

1    33.    For prejudgment interest on any unpaid wages from the date such amounts were

2    due;

3    34.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein

4    pursuant to California Labor Code §§ 211, 218.5, 218.6, 1194; and

5    35.    For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE SIXTH CAUSE OF ACTION**

6

7    36.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code §§ 201, 202, 203, 204 and 1198 by willfully failing to pay all compensation owed at the

9    time of Plaintiff's and the Class Members' termination of employment and willfully failing to

10   timely pay all compensation owed;

11   37.    For all actual, consequential and incidental losses and damages, according to proof;

12   38.    For statutory wage penalties in favor of Plaintiff and the Class Members who have

13   left Defendants' employment, pursuant to California Labor Code §§ 203, and 204;

14   39.    For prejudgment interest on any unpaid wages from the date such amounts were

15   due;

16   40.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein

17   pursuant to California Labor Code §§ 203, 211, 218.5, 218.6, 1194; and

18   41.    For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE SEVENTH CAUSE OF ACTION**

19   42.    That the Court declare, adjudge and decree that Defendant NATIONAL VISION,

20   INC., violated the California Labor Code Private Attorneys General Act of 2004 and Labor Code

21   § 2698 et seq., as a consequence of its failure to provide meal and rest periods, failure to pay

22   agreed wages and compensation for work, failure to pay overtime wages, failure to pay at least

23   minimum wage, failure to provide accurate wage statements, failure to pay all wages earned,

24   failure to pay wages when due, all of which violate the Labor Code and give rise to statutory

25   penalties as a result of such conduct, including but not limited to, penalties as provided by Labor

26   Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 221, 225.5, 226, 226(a), 226.7, 510, 512(a),

27   558, 1194, 1197, 1197.1, 1198, 2699(f-g), and the Wage Order;

28   43.    That the Court grant an award to Plaintiff and the employees, of civil penalties as

-31-

1  prescribed by the Labor Code Private Attorney General Act of 2004, including but not limited to

2  unpaid wages, premium payments, statutory penalties for Plaintiff and the employees of

3  Defendant NATIONAL VISION, INC., against whom one or more violations of the Labor Code

4  was committed;

5      44.    For all actual, consequential and incidental losses and damages, according to

6  proof;

7      45.    For statutory penalties pursuant to California Labor Code § 2699(f);

8      46.    For injunctive relief to ensure compliance with this section, pursuant to California

9  Labor Code § 2699 et seq.;

10      47.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

11  herein pursuant to California Labor Code § 2699(g); and

12      48.    For such other further relief as the Court may deem equitable and appropriate

**AS TO THE EIGHTH CAUSE OF ACTION**

13

14      49.    That the Court declare, adjudge and decree that Defendants violated Business and

Professions Code § 17200 et seq., by failing to provide all meal and rest periods to Plaintiff and

15

the Class Members, failing to pay for all missed meal and rest periods, failing to pay overtime

16

premiums, failing to provide accurate and complete wage statements, failing to pay agreed

17

wages, and failing to timely provide Plaintiff and the Class Members all compensation due to

18

them during their employment.

19

20      50.    For restitution of unpaid wages and penalties to Plaintiff and the Class Members,

and for prejudgment interest from the day such amounts were due and payable;

21

22      51.    For the appointment of a Receiver to receive, manage and distribute any and all

funds disgorged from Defendants and determined to have been wrongfully acquired by

23

Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

24

25      52.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code

of Civil Procedure § 1021.5;

26

27      53.    For injunctive relief to ensure compliance with this section, pursuant to Business

and Professions Code § 17200 et seq.; and

28

-32-

1    54.    For such other and further relief as the Court may deem equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members hereby demand trial of their claims by jury to the extent authorized by the laws of the State of California and the United State of America.

Dated: January 22, 2019

FITZPATRICK & SWANSTON
DIVERSITY LAW GROUP, P.C.

By:    */s/ B. James Fitzpatrick*

B. James Fitzpatrick
Larry W. Lee
Attorneys for Plaintiff,
JAVIER MENDOZA on behalf of
himself and all other similarly situated
employees

-33-

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>B. James Fitzpatrick SBN: 129056<br>Fitzpatrick & Swanston<br>555 S Main Street<br>Salinas, CA 93901<br>TELEPHONE NO.: 831-755-1311    FAX NO.: 831-755-1319<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 11/13/2018 9:21 AM<br>By: Janet Nicholson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey County
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME:

CASE NAME: Mendoza v. National Vision, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18CV004327 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 7 (seven)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 13, 2018

B. James Fitzpatrick                                    /s/ B. James Fitzpatrick
_____(TYPE OR PRINT NAME)_____        ▶ _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CEB Essential<br>ceb.com Forms™ | CIVIL CASE COVER SHEET   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Mendoza, Javier

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice-Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court Case Matter
Writ-Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

Mendoza, Javier

| SUPERIOR COURT OF MONTEREY COUNTY | |
|---|---|
| **Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
| **JAVIER MENDOZA**<br>**vs.** | **CASE NUMBER**<br>**18cv004327** |
| **NATIONAL VISION, INC.** | **Case Management Conference** |

## <u>NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE</u>

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

### Date: <u>March 19, 2019</u>        Time:<u>9:00 AM</u>

### Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

CI-127

# Alternative Dispute Resolution

(INFORMATION PACKET)

OPTIONS FOR RESOLVING YOUR DISPUTE

### There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial?  Many people use processes other than trial to resolve their disputes.  These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

### Advantages of ADR

Here are some potential advantages of using ADR:

**Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.

- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome.  In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial.  Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial.  Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute.  For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side.  This can be an important advantage where the parties have a relationship to preserve.

- **Increase Satisfaction:** In a trial, there is typically a winner and a loser.  The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome.  ADR can help the parties find win-win solutions and achieve their real goals.  This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants.  Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

### What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute.  The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves.  Mediation leaves control of the outcome with the parties.  The Monterey County Superior Court offers a Court-Directed Mediation Program.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 1 of 2

CI-127

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 2 of 2

It is hereby ordered:

1. All pleadings, motions, applications, briefs and any and all other papers in this case shall be e-filed with the civil clerk's office, located in the Monterey Courthouse. A courtesy copy shall be mailed or emailed to the Complex Litigation judge, via the judge's clerk.

2. All motions and briefs shall conform to California Rules of Court, including rule 3.1113, and indicate on the caption page that this matter has been deemed Complex and is assigned for all purposes to the Complex Litigation Judge.

3. As to any and all motions or other matters requiring a hearing or settlement conference, the date shall be obtained directly from and approved by the Complex Department, prior to the filing of the moving papers or other initial filings. All hearings will be on a Tuesday at 9:00 a.m. Counsel must attempt to stipulate to the date for the hearing. The hearing should be at least one week after the last paper is due.

4. The Case Management Conference will be held in Department 13, located at 1200 Aguajito Road, Monterey, California.

5. Counsel for all parties shall meet and confer on all matters set forth in California Rules of Court, 3.750 and 3.724(8).

6. In preparation for the Case Management Conference, counsel for the parties should file a joint written Case Management Conference Statement five (5) days before the CMC. The Case Management Statement must not be the standardized Judicial Council form. It must be in prose and detail. The Case Management Statement must include the following:
   a. Status of Pleadings;
   b. Status of Discovery;
   c. Status of Settlement or Mediation;
   d. Conclusions reached after meet and confer on all matters set forth in CRC Rule 3.750 and Rule 3.724(8);
   e. Anticipated motions;
   f. Request for next CMC date
   g. Any other matters for which the parties may need court rulings or scheduling.

   Counsel must be present and prepared to discuss these issues at the Case Management hearing. Counsel may seek permission to participate by Court Call.

7. During discovery, counsel should consider designating each exhibit with one number, to be used by all parties, for all uses, including depositions, motions, and trial. Alternatively, have one side use (for example) numbers 1 – 1000 and the other side use numbers 1001 through 2,000, in order to eliminate the use of letters.

8. The court will consider flexible alternatives to costly litigation, such as
   a. Severing an issue for a bench trial (with or without stipulated facts). In this way the parties can resolve a disputed fact. This may assist the parties in resolving the case;
   b. Informal discovery resolution;
   c. Early motions in limine to narrow the issues. The goal would be to allow the parties to defer expensive discovery issues and proceedings.