James Fitzpatrick, Esq. (SBN: 129056)
Charles Swanston, Esq. (SBN: 181882)
**FITZPATRICK & SWANSTON**
555 South Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile:  (831) 755-1319

Larry W. Lee (SBN 228175)
Max W. Gavron (SBN 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile:  (213) 488-6554

Attorneys for Plaintiff
JAVIER MENDOZA on behalf of himself and all other similarly situated employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MENDOZA on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 19-cv-01485-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       May 19, 2020<br>Time:      10:00 A.M.<br>Courtroom: 6, 4th Floor<br>Judge:     Hon. Susan van Keulen |

## [PROPOSED] ORDER

Plaintiff Javier Mendoza ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Settlement Agreement and Release of Claims (the "Agreement"); (b) conditionally certifying the Settlement Class for purposes of proceedings in connection with the final approval of the Agreement; (c) approving the form of Notice of Class Action Settlement and directing the manner of delivery thereof; (d) approving Larry W. Lee and Max W. Gavron of Diversity Law Group, James Fitzpatrick of Fitzpatrick & Swanston as Class Counsel and Plaintiff as Class Representative.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant National Vision, Inc. ("Defendant" or "NVI") (Plaintiff and Defendant collectively referred to as the "Parties").  In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the Settlement Class defined as the following:

> All current and former employees who were employed by National Vision, Inc. within the State of California in a non-exempt, hourly position at any time from November 13, 2014, through May 31, 2020.

The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P.

Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the class, and that there is adequate and fair representation.  Accordingly, the Settlement Class is hereby CONDITIONALLY CERTIFIED pursuant to Fed. R. Civ. P. 23(e).

4.  Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for the Settlement Class Larry W. Lee and Max W. Gavron of Diversity Law Group, and James Fitzpatrick of Fitzpatrick & Swanston.  The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

5.  Plaintiff is approved as the Class Representative for the Settlement Class Members.

6.  The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative Enhancement Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement.  Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arm's-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.  The assistance of the Court during the settlement process supports the Court's conclusion that the Agreement is non-collusive.

7.  The Court hereby APPROVES Phoenix Settlement Administrators as the Claims Administrator for the purposes of this settlement.

8.  A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on **September 15, 2020 at 10:00 a.m. in Courtroom 6, Fourth Floor of the San Jose Federal Courthouse**, for the following purposes:

    a.  to determine finally whether the Settlement Class satisfies the applicable prerequisites for class action treatment;

    b.  to determine whether the proposed Agreement is fair, reasonable, and adequate and should be granted final approval by the Court;

c. to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Releasees should be released of and from the Released Claims as provided in the Agreement;

d. to determine whether the proposed plan of allocation of the Class Settlement Amount is fair and reasonable and should be approved by the Court;

e. to finally consider Plaintiff's application for the Class Representative enhancement payment;

f. to finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

g. to determine that the Claims Administrator's costs should be paid from the Class Settlement Amount; and

h. to rule upon such other matters as the Court may deem appropriate.

9. The form of Class Notice is hereby APPROVED.  No later than fifteen (15) calendar days after the Court grants preliminary approval of this Settlement Agreement, NVI shall provide the Settlement Administrator with the following information regarding the Settlement Class in an electronic format for each person within the Settlement Class: name, employment identification number, last-known residence mailing address, last-known telephone number, social security number, and the dates employed by NVI as a non-exempt employee in California during the Class Period. The Settlement Administrator will keep this data confidential, will not provide or otherwise share this data with Class Counsel, and will not use the information for any purpose other than administration of this Settlement Agreement. NVI shall cooperate with and provide additional reasonably available information to the Settlement Administrator necessary for the purpose of giving notice to the Class Members, allocating and distributing the settlement amounts, and otherwise administering this Settlement Agreement.

9. The Court finds that the Notice Packet, along with the related notification

materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform the Settlement Class Members of all material elements of the proposed settlement, of the Settlement Class Members' right to dispute their share of the settlement, of the Settlement Class Members' right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object to the settlement.

10. The Court hereby APPROVES the proposed Response Deadline of forty-five (45) calendar days from the initial mailing of the Notice Packet.

11. The Court hereby APPROVES the proposed procedure for opting out of the Settlement Class. The Class Notice shall state that Class Members who wish to exclude themselves from the Settlement Class shall send a communication in writing to the Settlement Administrator that clearly states the name of the Mendoza action and that the Class Member wishes to be excluded from the Settlement (such requests for exclusion are also referred to as "Opt Outs"). The communication shall state the Class Member's name, current address, phone number, last four digits of his or her social security number, and should be signed by the Class Member or a lawful representative. The communication must be postmarked no later than the Response Deadline. In order to validly request exclusion, Opt Outs must be completed in their entirety in accordance with all instructions set forth herein and in the Class Notice. Any Class Member who does not affirmatively opt out of the Settlement by submitting a timely and complete Opt Out shall be bound by all of the Settlement's terms, including those pertaining to the release of Released Class Settlement Claims and, if an Aggrieved Employee, the release of Released PAGA Claims, as well as any final judgment that may be entered by the Court, if the Court grants final approval of the Settlement Agreement. The Settlement Administrator shall send all Opt Outs to counsel for Defendant and Class Counsel. Notwithstanding the foregoing, if a Class Member who is also an Aggrieved Employee opts out of the settlement, the Class Member will still receive their share of the PAGA Settlement Amount, and will still be deemed to have released all Released PAGA Claims, as defined in Paragraph 20.

12. All reasonable costs of settlement and claims administration, including the mailing of Class Notice, shall be paid for as provided in the Agreement. Member who wishes to present an objection must submit it in writing to the Settlement Administrator within forty-five (45) calendar days from the date that the Class Notice is mailed to the Class Member, and submit it to the Court either by mailing to: Clerk of the Court, United States District Court, Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, or by filing in person at any location of the United States District Court, Northern District of California that includes a facility for civil filings, within forty-five (45) calendar days from the date that the Class Notice is mailed to the Class Member. The Objection must contain the full name, current home (or mailing) address, and last four digits of the Social Security number of the objector. The Objection must also state the name of the Mendoza action, that the Class Member wishes to object to the Settlement, and clearly state the grounds for the objection. If an objector wishes to be heard at the time of the hearing on final approval, their objection must also clearly state the intention to appear at the final approval hearing. Within three (3) business days of receipt of an Objection, the Settlement Administrator shall promptly provide a copy of the Objection to all Parties' counsel. The Settlement Administrator shall also present and submit any timely Objections that it receives, to the Court, by way of declaration to be filed in advance of the final approval hearing. The Parties' counsel may file, at least five (5) court days before the final approval hearing (or some other date as set by the Court), responses to any Objections.

13. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

14. All Parties are otherwise ordered to comply with the terms of the Agreement.

15. The Agreement resolves all of the class and individual claims, as well as the representative claim asserted under the Private Attorney Generals Act (the "PAGA"), California Labor Code § 2698, et seq., contained in the operative Complaint and as set forth in Plaintiff's PAGA notices submitted to the California Labor and Workforce Development Agency.

16. Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Settlement Class Members for all matters relating to this Litigation,

the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

   IT IS SO ORDERED.

DATED:  April 29, 2020                    _____
                                          HON. SUSAN VAN KEULEN
                                          UNITED STATES MAGISTRATE COURT

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT