James Fitzpatrick, Esq. (SBN: 129056)
Charles Swanston, Esq. (SBN: 181882)
FITZPATRICK & SWANSTON
555 South Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile:  (831) 755-1319

Larry W. Lee (SBN: 228175)
Kristen Agnew (SBN: 247656)
Nicholas Rosenthal (SBN: 268297)
Max W. Gavron (SBN: 291697)
DIVERSITY LAW GROUP, P.C.
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile:  (213) 488-6554

Attorneys for Plaintiff,
JAVIER MENDOZA on behalf of himself and all other similarly situated employees

# UNITED STATES DISTRIC COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MENDOZA on behalf of himself and all other similarly situated employees,<br><br>              Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC.; and DOES 1 to 100, inclusive,<br><br>              Defendants. | Case No.: 19-cv-01485-SVK<br><br>**THIRD AMENDED CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMES NOW Plaintiff JAVIER MENDOZA, who on behalf of himself and all other similarly situated current and former employees of Defendant NATIONAL VISION, INC., and members of the public, complains and alleges as follows:

1.      As used herein, the term "Plaintiff" includes JAVIER MENDOZA, who is the named Plaintiff and Class Representative herein.

2.      Plaintiff and the Class Members alleged herein (collectively, "Class Members") seek remedies for all compensation and penalties due to the Class Members during the "Class Period," which is defined as the period of time beginning four (4) years before the commencement of this action through the date on which final judgment is entered, based upon information and belief that Defendants are continuing and will continue the unlawful employment practices described herein.

3.      Each of the Class Members are identifiable, similarly-situated persons and are now, or at some point during the Class Period were, employed by Defendants.  Plaintiff reserve his right to seek additional amendments of this Complaint to add as named Plaintiff some or all of the persons who are members of the Plaintiff Class.

4.      Plaintiff JAVIER MENDOZA ("Plaintiff") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California.  Plaintiff was employed by Defendants from approximately September 3, 2014, through approximately September 13, 2018, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included, but were not limited to, that Plaintiff would perform services as an Assistant Store Manager, and at all times as an employee not exempted from the California Labor Code and/or the applicable IWC Wage Order. Plaintiff is and at all relevant times was an individual as defined in Business and Professions Code §§ 17201 and 17204.

5.      Defendant NATIONAL VISION, INC., is, and at all times mentioned in this Complaint has been, a corporation incorporated under the laws of the State of Georgia, conducting business throughout the State of California, and in the County of Monterey.  Said

Defendant has expressly consented to jurisdiction in California, and Plaintiff and the Class Members are informed and believe, and thereon allege, that said Defendant employs individuals who perform duties throughout the State of California and the County of Monterey.

6.     Plaintiff and the Class Members are ignorant of the true names, identities, capacities and relationships of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff and the Class Members are informed and believe, and thereon allege, that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's and the Class Members' damages as herein alleged were proximately caused by DOES 1 through 100.  Plaintiff will amend this Complaint to allege the true names and capacities of said DOE Defendants when such information is ascertained.  Each reference to "Defendants," and each reference to any particular Defendant herein, shall be construed to refer to all of those fictitiously named herein as a "DOE" Defendant, and each of them.

7.     Plaintiff and the Class Members are informed and believe, and thereon allege, that each of the Defendants herein was at all times relevant to this action the agent, employer, representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and that each of the Defendants herein was at all times acting within the course and scope of that relationship.  Plaintiff and the Class Members are further informed and believe, and thereon allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of each of the remaining Defendants herein.  The conduct of each of the Defendants was at all times herein in accordance with and represents the official policy of Defendants.  Additionally, at all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants, which proximately caused the damages herein alleged. Plaintiff and the Class Members are further informed and believe, and thereon allege, that all of the Defendants jointly employed Plaintiff and the Class Members herein and/or carried out a joint scheme, business plan and/or uniform policy, and the acts and omissions of each Defendant are legally attributable to the other Defendants such that they are deemed a single integrated enterprise and agents of one another so that all Defendants are each jointly and severally liable for

-3-

*Mendoza v. National Vision, Inc.*          Third Amended Class Action & PAGA Complaint for
Case No.: 19-cv-01485-SVK          Damages for Injunctive Relief; Demand for Jury Trial

the acts and omissions hereinafter alleged.

8.   Defendants NATIONAL VISION, INC., and DOES 1 to 100 (collectively referred to herein as "Defendants") are, and at all times herein were, "persons" as defined in California Business and Professions Code § 17201.

9.   At all times during the Class Period, Defendants directly or indirectly, or through an agent or representative, exercised control over the wages, hours and/or working conditions of the Plaintiff and the Class Members, and directly or indirectly or through an agent or other person engaged, suffered, or permitted Plaintiff and the Class Members to work.

## JURISDICTION AND VENUE

10.   Plaintiff disputes that this Court has jurisdiction for the reasons set forth in his Motion to Remand.  However, the Court denied this Motion, and therefore Plaintiff proceeds in this Court.

11.   In light of the Court's Order denying Plaintiff's Motion for Remand, and given Defendant's contentions in its Removal, Plaintiff concedes this is the appropriate venue.

## ADMINISTRATIVE EXHAUSTION

12.   Pursuant to California Labor Code § 2699.3, Plaintiff gave written notice on September 17, 2018, by electronic filing with the Labor and Workforce Development Agency ("LWDA"), and by certified mail to Defendant NATIONAL VISION, INC., of factual and legal basis for the labor law violations alleged in this Complaint.  Furthermore, on November 17, 2018, Plaintiff supplemented his September 17, 2018 notice to allege additional labor law violations. On March 3, 2020, Plaintiff again supplemented his notice to allege additional labor law violations.  Since providing notice to the LWDA, it has not expressed any interest in investigating the labor code violations alleged in any of Plaintiff's notices.

13.   Pursuant to California Labor Code § 2699.3, Plaintiff seeks all applicable penalties for violations which the Labor and Workforce Development Agency has failed or elected not to investigate and/or failed or elected not to issue a citation.  Plaintiff has exhausted all administrative remedies required by the Labor and Workforce Development Agency as a prerequisite to filing this action.

//

-4-

*Mendoza v. National Vision, Inc.*
Case No.: 19-cv-01485-SVK                    Third Amended Class Action & PAGA Complaint for
                                             Damages for Injunctive Relief; Demand for Jury Trial

**GENERAL ALLEGATIONS**

14.     Defendants now, and at all times during the Class Period, own, operate and control a business or establishment that employs persons within the meaning of IWC Wage Order No. 4-2001 and California Code of Regulations, title 8, section 11040.

15.     Defendants now, and throughout the Class Period, recruit, solicit, hire, employ and furnish employment, and qualify as an employer pursuant to IWC Wage No. Order 4-2001 and title 8 of the California Code of Regulations, section 11040 (hereinafter collectively referred to as "the Wage Order"), which applies to occupations in the professional, technical, clerical, mechanical and similar occupations industry.

16.     At all times herein alleged, Plaintiff and the Class Members were employees of Defendants under the California Labor Code and were protected by to the provisions of the Wage Order.

17.     During the Class Period, Defendants maintained a meal period policy that failed to provide a meal period to Plaintiff and the Class Members that provided for 30 consecutive minutes during which Plaintiff and the Class members were relieved of all duties and free to leave the premises and that began before more than five (5) hours were worked.  More specifically, Defendant had a uniform policy and practice of understaffing the workplace such that Plaintiff, and the Class Members, had to work through meal periods.  The policy maintained by Defendants failed to pay Plaintiff and the Class Members one (1) hour of pay at Plaintiff's and the Class Members' regular rate of compensation for each meal period that was not timely provided as required by California Labor Code § 226.7 and the Wage Order.

18.     Likewise, during the Class Period, Defendants maintained and enforced a uniform policy by which they repeatedly failed to authorize, permit and provide Plaintiff and the Class Members with paid duty-free rest and recovery periods of at least ten (10) consecutive uninterrupted minutes during which Plaintiff and the Class Members were relieved of all duties for every four (4) hours worked, or major fraction thereof, and which were counted as hours worked for which there would be no deduction from wages.  Specifically, Defendant maintained a policy and uniform practice of preventing employees, including Plaintiff and the Class

*Mendoza v. National Vision, Inc.*
Case No.: 19-cv-01485-SVK                    Third Amended Class Action & PAGA Complaint for
                                             Damages for Injunctive Relief; Demand for Jury Trial

Members, from leaving the premises during rest periods, and the duties and responsibilities of Plaintiff and the Class Members did not warrant this unlawful restriction.  The policy maintained by Defendants required Plaintiff and the Class Members to abstain from taking more than one rest period on workdays lasting longer than six hours.  Pursuant to this policy, Defendants failed to compensate Plaintiff and the Class Members one (1) hour of wages at their regular rate of compensation for each rest period not provided, as required by California Labor Code § 226.7 and the Wage Order.  As a consequence of this policy, Plaintiff and the Class Members were forced to work without paid rest periods during the relevant period.

19.     During the Class Period, Defendants maintained and enforced a policy that contributed to off-the-clock work.  The Defendants' policy and practice required Plaintiff and the Class Members to clock out using one software system (Ceridian), then after clocking out from work, go in a different computerized software system (DayForce) and approve the hours worked for each particular day.  This would take up to five minutes each and every day during which the employees' time was not being reported and such time was therefore unpaid.  Further, Plaintiff and the Class Members were required to once again, after clocking out from work, approve their hours worked on a weekly basis.  On each occasion that Plaintiff and the Class Members performed daily and weekly approval of hours worked, a pop-up window would appear on the computer monitor stating that the employees were confirming that they were provided with their daily rest and meal periods. Plaintiff and the Class Members were required to perform a key stroke that provided the confirmation in order to approve their hours worked and receive their pay. This uniform policy and practice regularly and consistently resulted in Plaintiff and the Class Members working more than eight hours in a single workday and more than forty (40) hours in a single workweek.  As a result of this policy, Defendants failed to pay Plaintiff and the Class Members overtime premium wages of one and one-half times the employee's regular rate of pay for all hours worked over eight (8) hours in a single workday and/or more than forty (40) hours in a single workweek, as required by California Labor Code §§ 510 and 1194 and the Wage Order.

20.     During the Class Period, Defendants violated Labor Code §§ 510, and 1194 by failing to correctly calculate the regular rate of pay during pay periods in which Plaintiff and the

-6-

*Mendoza v. National Vision, Inc.*                                    Third Amended Class Action & PAGA Complaint for
Case No.: 19-cv-01485-SVK                                    Damages for Injunctive Relief; Demand for Jury Trial

1    Class Members were paid multiple pay rates and received a non-discretionary bonus and/or

2    commission pay.  For example, Defendant paid Plaintiff and the Class Members non-

3    discretionary bonuses and/or commission pay entitled "EG/Assoc PIP," and other payments

4    pursuant to Defendant's "Store Manager Incentive Plan," but did not properly calculate those

5    items into the regular rate of pay during pay periods in which Plaintiff and the Class Members

6    were also paid overtime.  As a result of such violations, the correct regular rate of pay, the

7    overtime and vacation rates of pay, as well as the gross and net wages earned as reflected on the

8    Plaintiff's and the Class Members' itemized wage statements were all inaccurately identified, in

9    violation of Labor Code § 226(a).  Specifically, because of the aforementioned miscalculations

10   and underpayment of wages, a rate of overtime and vacation pay was listed on the wage

11   statements for such pay periods that was lower than the rates required by California labor laws,

12   and the values for gross and net wages earned that were identified on said wage statements did

13   not accurately reflect correct amount of wages that should have been paid had the overtime and

14   vacation rates of pay been accurately calculated.  Finally, as a result of such violations,

15   Defendants also violated Labor Code §§ 201-203 by failing to pay all wages in a timely manner

16   upon separation of employment pursuant to the above-referenced violations.

17          21.    During the Class Period, Defendants maintained and enforced a uniform policy by

18   which they regularly and consistently violated Labor Code § 226 by, including but not limited to,

19   failing to provide Plaintiff and the Class Members with complete and accurate itemized wage

20   statements accurately stating the total hours worked; overtime hours worked; gross wages earned;

21   net wages earned; the number of piece-rate units earned and any applicable piece rate; all rates of

22   pay in effect during the pay period; regular, overtime and vacation rates of pay that accurately

23   reflected the amount the employer was required under California law to pay; the corresponding

24   number of hours worked under each rate; all deductions; premium wages owed for missed rest

25   and meal periods; the correct name and address of the employer.  Furthermore, during the Class

26   Period, Defendants violated Labor Code section 226(a) during each pay period in which

27   "Retroactive Pay," "EG/Assoc PIP," and/or "Regular Rate OT" wages were paid; in that

28   whenever such wages were paid, the wage statements issued by Defendants to Plaintiff and the

*Mendoza v. National Vision, Inc.*                    Third Amended Class Action & PAGA Complaint for
Case No.: 19-cv-01485-SVK                             Damages for Injunctive Relief; Demand for Jury Trial

Class Members failed to identify for such wages the applicable rate of pay and/or hours worked under such rates.

22.     During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code § 2802.  Plaintiff and the Class Members were required to use their personal vehicles to travel off-site to perform "community outreach" services, and undergo training, at various locations.  Defendant also required Plaintiff and the Class Members to use their personal cellular phones to take photographs while performing "community outreach" services, but Defendant failed to reimburse Plaintiff and the Class Members for having to use their personal vehicles and cellular phones.

23.     During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202, 204, 218, 221, 223, 1194, 1198 and the Wage Order by unlawfully refusing to pay agreed wages to Plaintiff and the Class Members.

24.     During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202, and 203 by failing to pay Plaintiff and the Class Members all owing and unpaid wages for work performed by them during their employment and at the end of their employment.  Specifically, whenever Defendants paid Plaintiff and the Class Members sick time pursuant to California Labor Code § 246, Defendants did so at the incorrect rate of pay.  Defendants paid Plaintiff and the Class Members at the base hourly rate of pay, as opposed to the regular rate of pay, which would take into account all non-discretionary bonuses, or by dividing the employees' total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Labor Code § 246.  This resulted in the employees being underpaid for sick time, and resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor Code violations, because Defendants did not pay, or timely pay, Plaintiff and the Class Members all owing and unpaid wages for work performed by them during their employment and at the end of their employment.

25.     During the Class Period, Defendants maintained and enforced a uniform policy by

-8-

which they regularly and consistently violated California Labor Code §§ 201, 202, 204, 218, 1194, 1198, 1199 and the Wage Order by failing to pay all wages owed to Plaintiff and the Class Members for all hours worked, overtime premium wages for all overtime hours worked, and compensation Defendants were required by California law to pay to Plaintiff and the Class Members when Defendants failed to provide them with meal and rest periods that complied with the requirements of California law.

26.     Plaintiff and the Class Members are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.  Plaintiff and the Class Members are informed and believe, and thereon allege, that throughout the Class Period, Defendants knew or should have known each of the following:

a.     That Plaintiff and the Class Members were entitled to receive an uninterrupted thirty (30) minute meal period during which they were relieved of all duties before working more than five hours and a second uninterrupted thirty (30) minute meal period, and, if such meal periods were not provided to them, they were entitled to the payment of one additional hour of pay at their regular rate of pay, and that Plaintiff and the Class Members were not being provided such meal periods and were not receiving one additional hour of pay at their regular rate of pay on occasions when such meal periods were not so provided;

b.     That Defendants were obligated to authorize, permit and provide to Plaintiff and the Class Members one ten (10) minute duty-free rest period for every four (4) hours or major fraction thereof worked, and, if such rest period were not so provided, Defendants were required to pay Plaintiff and the Class Members one (1) additional hour of pay at their regular rate of pay, and that Defendants did not authorize, permit and provide such rest periods and, on such occasions, did not provide Plaintiff and the Class Members with one additional hour of pay at their regular rate of pay;

c.     That Plaintiff and the Class Members were entitled to receive premium overtime wages for the overtime hours they worked and that Plaintiff and the Class Members

1   were in fact not receiving premium overtime wages calculated in the manner required by

2   California law for all such overtime hours worked;

3           d.    That Plaintiff and the Class Members were entitled to receive their agreed

4   wage, and no less than the agreed wage, as compensation for any and all hours worked by them

5   and that, in violation of the California Labor Code, Defendants failed and refused to pay Plaintiff

6   and the Class Members agreed wages for any and all hours they worked;

7           e.    That Plaintiff and the Class Members were entitled to receive complete and

8   accurate wage statements in accordance with California law, and that, in violation of the

9   California Labor Code, Plaintiff and the Class Members were not provided complete and accurate

10   wage statements;

11           f.    That Plaintiff and the Class Members were entitled to timely payment of

12   wages during their employment and at the end of their employment, and that Plaintiff and the

13   Class Members did not receive payment of all wages including, but not limited to, meal and rest

14   period premium wages, premium overtime wages, and agreed hourly wages within permissible

15   time periods; and

16           g.    That Plaintiff and the Class Members were entitled to sick pay at their

17   regular rate of pay, or at the rate determined by dividing the employee's total wages, not

18   including overtime premium pay, by the employee's total hours worked in the full pay periods of

19   the prior 90 days of employment.

20       27.    California Labor Code § 218 states that nothing in Article I of the Labor Code shall

21   limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him

22   under this Article."

23   **CLASS ACTION ALLEGATIONS**

24       28.    Plaintiff reserves the right to amend or modify the class description with greater

25   specificity, further division into subclasses or with limitations to particular issues.

26       29.    This action has been brought and may be properly maintained as a class action

27   under the provisions of Federal Rule of Civil Procedure 23(b)(3) because the questions of law and

28   fact at issue herein are common and of general interest to Plaintiff and the Class Members, the

*Mendoza v. National Vision, Inc.*
Case No.: 19-cv-01485-SVK                 Third Amended Class Action & PAGA Complaint for
Damages for Injunctive Relief; Demand for Jury Trial

parties are numerous, and it would be impracticable to bring the claims alleged herein before the court as individual claims or through some other than a class action. Plaintiff seeks to represent a class of Defendants' non-exempt employees who worked in California at any time within four (4) years before the commencement of this action through the date of the order granting class certification (the "Class"). Further, Plaintiff seeks to represent subclasses composed of and defined as follows:

A. <u>Correct "*Average*" Regular Rate of Pay Subclass:</u>
All current and former employees of Defendants who worked for Defendants in California at any time during the Class Period and who, at any time during the Class Period, were paid for overtime hours worked at a rate that was based on a calculation of their regular rate of pay that did not take into account commissions earned, incentive and/or piece-rate pay, nondiscretionary bonuses, multiple rates of pay and/or other compensation

B. <u>Non-Discretionary Incentive Subclass:</u>
All current and former employees of Defendants who worked for Defendants in California at any time during the Class Period and who, at any time during the Class Period, received non-discretionary incentive pay which was not taken into account when their regular rate of pay was calculated for the purposes of computing the rate at which they would be paid overtime premium wages.

C. <u>Meal Period Subclass:</u>
All current and former employees of Defendants who worked for Defendants in California at any time during the Class Period and who, at any time during the Class Period, were paid an hourly wage and were not provided one or more meal periods that complied with the requirements of California law.

D. <u>Rest Period Subclass:</u>
All current and former employees of Defendants who at any time during the Class Period worked for Defendants in California and who, at any time during the Class Period, were paid an hourly wage and who did not receive one or more rest periods that complied with the requirements of California law.

E. <u>Non-Compliant Wage Statement Subclass:</u>
All current and former employees who are or were employed by Defendants in California at any time during the Class

Third Amended Class Action & PAGA Complaint for
Damages for Injunctive Relief; Demand for Jury Trial

Period and who at any time during the period beginning one year before the commencement of this action and continuing throughout the Class Period, were paid any wages and received one or more wage statements from Defendants.

F.     Sick Pay Subclass:

All former non-exempt employees who were employed by Defendants in California at any time from November 13, 2015, through the present and who earned sick time pay.

**A.     Numerosity**

30.     The Class Members are so numerous that joinder of all the members of the class is not feasible and not practical. While the precise number the Class Members has not been determined at this time, Plaintiff are informed and believe that Defendants currently employ, and during the Class Period regularly employed, more than 500 employees in California in non-exempt positions.  The identities of the Class Members are readily ascertainable by inspection of Defendants' employment records.  Moreover, joinder of all members of the proposed class is not practicable, and individual damages for each member is not anticipated to be sufficiently high to allow for practical resolution through individualized litigation.

**B.     Commonality and Predominance**

31.     There are questions of law and fact common to each Class Member that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.     Whether Defendants violated California Labor Code §§ 226.7 and 512 and the Wage Order by failing to provide a 30-minute duty-free meal period within the first five hours of each workday to Plaintiff and the Class Members on days they worked in excess of (5) five hours and with a second thirty (30) minute uninterrupted duty-free meal period commencing before they worked more than ten (10) hours because of Defendants' uniform policy and/or practice of understaffing the workplace such that Plaintiff, and the Class Members, had to work through meal periods;

b.     Whether Defendants violated Labor Code § 226.7 and the Wage Order by

-12-

*Mendoza v. National Vision, Inc.*
Case No.: 19-cv-01485-SVK                    Third Amended Class Action & PAGA Complaint for
                                             Damages for Injunctive Relief; Demand for Jury Trial

failing to provide a paid ten (10) minute duty-free rest period to Plaintiff and the Class Members for every four hour work period or major fraction thereof, and by failing to compensate Plaintiff and the Class Members one hour of wages for such missed and/or unpaid/underpaid rest periods because of Defendants' uniform policy and practice requiring employees to stay on the premises during rest periods;

c.      Whether Defendants violated Labor Code §§ 510 and 1194 and the Wage Order by failing to pay Plaintiff and the Class Members the appropriate premium overtime wages for all overtime hours worked in light of Defendants' unlawful policy and practice of failing to properly calculate the regular rate of pay when Plaintiff and the Class Members were compensated for non-discretionary bonuses and/or commission pay;

d.      Whether Defendants violated California Labor Code § 226 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members containing all of the information required by Labor Code § 226; and more specifically, whether Defendants provided wage statements that identified the applicable rate of pay and/or hours worked when Plaintiff and the Class Members were compensated for "Retroactive Pay," "EG/Assoc PIP," and/or "Regular Rate OT" wages;

e.      Whether Defendants violated California Labor Code § 2802 by failing to reimburse Plaintiff and the Class Members for having to use their personal vehicles to travel off-site to perform "community outreach" services, and undergo training, at various locations, and requiring Plaintiff and the Class Members to use their personal cellular phones to take photographs while performing "community outreach" services, without reimbursement;

f.      Whether Defendants violated California Labor Code §§ 201, 202, 218, 221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members agreed wages for all work performed by them;

g.      Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to timely pay Plaintiff and the Class Members all wages for work performed by them during their employment and failing to timely pay Plaintiff and the Class Members at the end of their employment all wages for work performed by them during their employment, and by failing to

-13-

pay Plaintiff and the Class Members sick time pay at the correct regular rate of pay, rather than the base hourly rate of pay;

          h.     Whether Defendants violated Labor Code § 2810.5 and the Wage Order by failing to provide Plaintiff and the Class Members at the time of hiring with written notice, in the language the employer normally uses to communicate, of wage and other employment-related information;

          i.     Whether Defendants' failure to pay wages and premiums in accordance with the California Labor Code and the Wage Order was willful;

          j.     Whether Defendants' conduct as alleged throughout this complaint was willful or reckless;

          k.     Whether Defendants violated Labor Code § 1198 and the Wage Order by failing to keep accurate records with respect to each employee;

          l.     The appropriate amount of damages, restitution and/or monetary penalties resulting from Defendants' violations of California law;

          m.     Whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to, injunctive and declaratory relief, pursuant to Business and Professions Code §§ 17200 et seq.; and

          n.     Whether Defendants violated Business and Professions Code §§ 17200 et seq., by failing to provide meal and paid rest periods mandated by Labor Codes § 226.7, 512 and the Wage Order; by failing to compensate Plaintiff and the Class Members one (1) hour of pay for meal periods and rest periods that were not provided; by failing to pay regular and overtime wages for all hours worked; by failing to provide complete and accurate wage statements to Plaintiff and the Class Members in accordance with Labor Code § 226; by failing to pay agreed wages; and by failing to timely provide all wages due to Plaintiff and the Class Members throughout and at the end of their employment.

**C.    Typicality**

      32.     The claims of Plaintiff are typical of the claims of the Class Members.  Plaintiff and the Class Members sustained injuries and damages arising out of and caused by the

Defendants' common course of conduct in violation of statutes, common law, wage orders and/or regulations that have the force and effect of law, as alleged herein.  Plaintiff and the Class Members were subjected to the same unlawful policies and uniform practices alleged above, such that Plaintiff's claims are typical of the Class Members.  Plaintiff received non-discretionary incentive pay and/or commission pay, as did the Class Members.  Plaintiff also was subject to Defendants' unlawful meal and rest policies and practices, as described more fully above, as were the Class Members.  Plaintiff also received wage statements that failed to identify the applicable rate of pay and/or hours worked for periods where he received "Retroactive Pay," "EG/Assoc PIP," and/or "Regular Rate OT" wages, and so did the Class Members.  Plaintiff also was required to use his personal vehicle and cellular phone to perform "community outreach" services, at various off-site locations, as were the Class Members. Defendant did not reimburse Plaintiff or the Class Members for these items. Plaintiff received sick time pay from Defendants but was only paid at his base hourly rate, as opposed to the regular rate of pay, as were the Class Members.  On information and belief, Plaintiff alleges that his experiences were similar to, and representative of, the Class Members' experiences, and thus his claims are typical of the Class Members.  Plaintiff shares a well-defined community of interest with the Class Members and is qualified to, and will, fairly and adequately protect the interests of each Class Member.

**D.     Adequacy of Representation**

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff acknowledges Plaintiff's obligation to make known to the Court any relationship, conflict or difference with any Class Member.  Plaintiff have incurred and throughout this action will continue to incur, costs and attorneys' fees necessarily expended for the prosecution of this action for the substantial benefit of each Class Members. Counsel who represents Plaintiff is competent and experienced in litigating class actions, versed in the rules governing class action discovery, certification, settlement and trial, and will vigorously and competently pursue the claims of Plaintiff and the Class Members.

//

-15-

*Mendoza v. National Vision, Inc.*
Case No.: 19-cv-01485-SVK                     Third Amended Class Action & PAGA Complaint for
                                              Damages for Injunctive Relief; Demand for Jury Trial

**E.     Superiority**

34.     The nature of this action makes the use of class action adjudication superior to other methods.  The class action will achieve economies of time, effort and expense as compared with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent outcomes because the same issues will be adjudicated in the same manner and at the same time for the entire class.

**F.     Public Policy Consideration**

35.     Employers in the State of California violate employment and labor laws on a daily basis.  Employees are often intimidated and afraid to assert their rights out of fear that they will be subjected to direct or indirect retaliation by their employers.  Former employees (those who are no longer employed by a particular employer who had subjected them to employment and labor law violations) are fearful of bringing actions against their former employers because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide Class Members who are not named in the complaint with vindication of their rights while also protecting their privacy and shielding them from retaliation.

**FIRST CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 512; and the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

36.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

37.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission.  Labor Code § 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

//

-16-

38.     Throughout the Class Period, the Wage Order and California Labor Code § 512(a) provided that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

39.     During the Class Period, Defendants and/or their authorized supervisors repeatedly failed to comply with the meal period requirements of the Labor Code and the Wage Order by failing to provide Plaintiff and the Class Members with a thirty (30) minute uninterrupted duty-free meal period within five (5) hours of the beginning of their shift, in violation of Labor Code §§ 512, 226.7, and the Wage Order.  More specifically, Defendants had a uniform policy and practice of understaffing the workplace such that Plaintiff, and the Class Members, had to work through meal periods.  Defendants also failed to compensate Plaintiff and the Class Members one (1) hour of wages for any of the missed meal periods not provided by Defendants, as alleged above, which failure also violated Labor Code §§512 and 226.7 and the Wage Order. Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each meal period violation as alleged herein.

40.     Defendants were at all times aware of the Labor Code and Wage Order requirements that they provide Plaintiff and the Class Members with such meal periods and was aware that Plaintiff and the Class Members regularly worked more than five (5) hours without receiving mandated meal periods.  Thus, Defendants willfully violated the provisions of Labor Code §§ 226.7 and 512 and the Wage Order.

41.     As a result of the unlawful conduct of Defendants, Plaintiff and the Class Members have been deprived of wages and other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts.

42.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

//

**SECOND CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(Labor Code § 226.7; and the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

43.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

44.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.  Labor Code Section 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

45.     The Wage Order and California Labor Code § 226.7 provides that every employer shall provide and shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period, and that the rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, unless the total daily work time is less than three and one-half hours.

46.     During the Class Period, on days in which Plaintiff and the Class Members worked at least three and one half hours, Defendants regularly and repeatedly required Plaintiff and the Class Members to work four (4) hours and/or a major fraction thereof without providing, authorizing or permitting at least one ten (10) minute rest period during which Plaintiff and the Class Members were relieved of all duties (hereafter "rest period") per each four (4) hour period, or a major fraction thereof, worked.  Specifically, Defendant maintained a policy and uniform practice of preventing employees, including Plaintiff and the Class Members, from leaving the premises during rest periods, and the duties and responsibilities of Plaintiff and the Class Members did not warrant this unlawful restriction.

47.     During the Class Period, Defendants failed to pay Plaintiff and the Class Members a premium of one (1) hour pay at their regular rate of pay for each rest period not provided,

-18-

1    authorized, and permitted as alleged herein, pursuant to Labor Code § 226.7.

2        48.    Labor Code § 1198 provides that "The maximum hours of work and the standard

3    conditions of labor fixed by the commission shall be the maximum hours of work and the

4    standard conditions of labor for employees. The employment of any employee for longer hours

5    than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

6        49.    Defendants were at all times aware of the Labor Code and Wage Order

7    requirements that they provide Plaintiff and the Class Members with the rest periods described

8    above and were aware that Plaintiff and the Class Members regularly worked more than four (4)

9    hours or major fraction thereof without receiving mandated rest periods.  Defendants therefore at

10   all times willfully violated the provisions of Labor Code § 226.7 and the Wage Order.

11       50.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and the

12   Class Members are entitled to recover from Defendants one (1) additional hour of pay at their

13   regular hourly rate of compensation for each workday that a rest period was not provided. As a

14   result of the unlawful conduct of Defendants, Plaintiff and the Class Members have been

15   deprived of wages and compensation in amounts to be determined at trial, and are entitled to

16   recovery of such amounts.

17       51.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

18                                **THIRD CAUSE OF ACTION**
                            **Failure to Pay Hourly and Overtime Wages**

19            **(California Labor Code §§ 510 and 1194; and the Wage Order)**
                    **(Plaintiff and the Class Members against all Defendants)**

20       52.    Plaintiff and the Class Members allege and incorporate by reference all of the

21   allegations contained in the preceding paragraphs as though fully set forth herein.

22       53.    Plaintiff and the Class Members base this cause of action upon Defendants' willful

23   and intentional violations of the California Labor Code and Industrial Welfare Commission

24   requirements that Defendants pay Plaintiff and the Class Members for all hours worked,

25   including the requirement to pay premium overtime wages to Plaintiff and the Class Members for

26   work they performed in excess of eight (8) hours in a workday and/or forty (40) hours in a

27   workweek, and/or on the seventh consecutive day in a workweek.

28       54.    Labor Code § 510 provides that "any work in excess of eight (8) hours in one

-19-

workday and any work in excess of forty (40) hours in any one workweek and the first eight

hours worked on the seventh day of work in any one workweek shall be compensated at the rate

of no less than one and one-half times the regular rate of pay for an employee."

55.     Labor Code § 1198 provides that "The maximum hours of work and the standard

conditions of labor fixed by the commission shall be the maximum hours of work and the

standard conditions of labor for employees. The employment of any employee for longer hours

than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

56.     Labor Code § 1194 provides that "any employee receiving less than the legal

minimum wage or the legal overtime compensation applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

57.     During the Class Period, Defendants required Plaintiff and the Class Members on a

regular and repeated basis to work shifts exceeding eight (8) hours in a workday, and to work

more than forty (40) hours in a workweek, which hours were often not recorded, without paying

overtime premium wages at a rate of no less than one and one-half times their regular rate of pay.

The Defendants' policy and practice required Plaintiff and the Class Members to clock out using

one software system (Ceridian), then after clocking out from work, go in a different computerized

software system (DayForce) and approve the hours worked for each particular day.  This would

take up to five minutes each and every day during which the employees' time was not being

reported and such time was therefore unpaid.  Further, Plaintiff and the Class Members were

required to once again, after clocking out from work, approve their hours worked on a weekly

basis.  On each occasion that Plaintiff and the Class Members performed daily and weekly

approval of hours worked, a pop-up window would appear on the computer monitor stating that

the employees were confirming that they were provided with their daily rest and meal periods.

Plaintiff and the Class Members were required to perform a key stroke that provided the

confirmation in order to approve their hours worked and receive their pay.

58.     During the Class Period, Defendants knew or had reason to know that Plaintiff and

the Class Members were regularly and consistently required to work more than eight (8) hours in

a day, and work more than forty (40) hours in a week, without being paid the appropriate premium overtime wage required by Labor Code §§ 510 and 1194.

59.     During the Class Period, Defendants' conduct as alleged herein amounted to a uniform pattern of unlawful wage and hour practices which resulted from the implementation of uniform policies and practices by which Defendants failed to accurately record all hours worked by Plaintiff and the Class Members thereby denying payment of overtime premium wages to Plaintiff and the Class Members for overtime hours worked.

60.     In committing the violations of the California Labor Code as alleged herein, Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

61.     As a direct result of Defendants' unlawful wage practices as alleged herein, Plaintiff and the Class Members have been denied full compensation for all hours worked by them including, but not limited to, premium overtime wages for overtime hours.

62.     Labor Code § 515 and the Wage Order set forth various exemptions by which certain categories of employees are exempt from the protections of the overtime laws contained in the Labor Code. At no time during the Class Period did any of these exemptions apply to Plaintiff and/or the Class Members.  Moreover, at no time were Plaintiff and/or the Class Members subject to a valid collective bargaining agreement that would preclude the causes of action set forth in this complaint. Rather, Plaintiff and the Class Members bring this action because of Defendants' violations of non-waiveable rights guaranteed to them by the State of California.

63.     As a direct consequence of Defendants' unlawful failure to pay Plaintiff and the Class Members the full and accurate amount of all earned wages at the appropriate rate for the true number of hours they worked, Plaintiff and the Class Members have suffered and will continue to suffer economic injuries in an amount which is presently unknown to them and which will be ascertained according to proof at trial.

64.     In performing the acts and practices in violation of California labor laws as herein

alleged, Defendants have acted and continue to act intentionally, oppressively and maliciously towards Plaintiff and the Class Members, with a conscious disregard for their legal rights and the consequences to them, and with the intent of depriving them of their property and legal rights and otherwise causing them injury, in order to increase Defendants' profits at the expense of Plaintiff and the Class Members.

65.     Plaintiff and the Class Members request recovery of all unpaid wages, including overtime premium wages, in an amount according to proof, interest on such amounts, statutory costs, and the assessment of any and all statutory penalties against Defendants, all in the sums as provided by the California Labor Code and/or other applicable statutes. In addition, to the extent that overtime compensation is owed to Plaintiff and the Class Members whose employment has been terminated, Defendants' conduct violates Labor Code §§ 201 and/or 202, entitling Plaintiff and the Class Members to waiting time penalties under Labor Code § 203, which penalties are sought herein on behalf of Plaintiff and the Class Members.

66.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

<u>**FOURTH CAUSE OF ACTION**</u>
**Failure to Comply with Itemized Employee Wage Statement Requirements**
**(California Labor Code §§ 226, and the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

67.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

68.     Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage statements all deductions from payment of wages, to accurately report total hours worked, to report the rate of pay for hours worked, and keep the records on file at the place of employment or at a central location within the State of California.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) and the Wage Order with respect to wage statements they have provided to Plaintiff and the Class Members.

69.     Labor Code § 226(a) and the Wage Order provide that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing the inclusive dates of the pay period, gross wages earned, total hours worked by the employee, the number of piece rate units and the applicable rate, all

-22-

1    deductions, net wages earned, the inclusive dates of the period for which the employee is paid,

2    the name of the employee and the last four digits of the employee's identification number, the

3    name and address of the legal entity that is the employer and all applicable hourly rates in effect

4    during the pay period and the corresponding numbers of hours worked at each hourly rate by the

5    employee.  Labor Code § 226(a) mandates that deductions made from payments of wages shall

6    be recorded in ink, properly dated and a copy of the statement or a record of deductions be kept

7    on file by the employer for at least three years.  Moreover, the Wage Order requires Defendants

8    to maintain time records for each employee showing including, but not limited to, an accurate

9    report of the total hours worked by each employee, when the employee begins and ends each

10   work period, meal periods, and total daily hours worked in itemized wage statements, and all

11   deductions from payment of wages.

12         70.     At all times herein alleged, Defendants have regularly and consistently,

13   intentionally and willfully, failed to provide Plaintiff and the Class Members with complete and

14   accurate wage statements.  The deficiencies include, among other things, the failure to include the

15   total hours worked, overtime hours worked, gross wages earned, net wages earned, the correct

16   regular rate of pay, overtime and vacation rates of pay and the corresponding number of hours

17   worked under each rate, all deductions, premium wages owed for missed rest and meal periods,

18   the correct name and address of the employer.  Furthermore, during the Class Period, Defendants

19   violated Labor Code section 226(a) during each pay period in which "Retroactive Pay,"

20   "EG/Assoc PIP," and/or "Regular Rate OT" wages were paid; in that whenever such wages were

21   paid, the wage statements issued by Defendants to Plaintiff and the Class Members failed to

22   identify for such wages the applicable rate of pay and/or hours worked under such rates.

23         71.     As a result of Defendants' violation of Labor Code §§ 226(a), as well as the Wage

24   Order, Plaintiff and the Class Members have suffered injury and damage to their statutorily-

25   protected rights.  These injuries and damages include, but are not limited to, the denial of their

26   legal right to receive and their protected interest in receiving accurate, itemized wage statements

27   under Labor Code § 226(a).  Moreover, the inaccurate and incomplete wage statements provided

28   by Defendants deceived Plaintiff and the Class Members about the wages and other

-23-

compensation to which they were entitled and deprived them of such wages and compensation. As a further result of Defendants' failure to provide Plaintiff and the Class Members with accurate wage statements in accordance with Labor Code § 226 , Plaintiff and the Class Members have suffered injuries and are entitled to penalties under Labor Code § 226 and Labor Code § 226.3 which states that any employer who violates § 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250.00), per employee per violation in an initial citation. The civil penalty provided for in this section is in addition to any other penalty provided by law, in an amount to be proven at trial.   The injuries suffered by Plaintiff and the Class Members include, but are not limited to, having been, and continuing to be, forced to conduct investigations and perform mathematical computations in an attempt to reconstruct their time records; the inability to reconstruct their time records; the inability to discern the amount of wages they were paid and/or the applicable wage rate; the inability to determine the number of hours including, but not limited to, overtime hours they worked; the inability to determine the number of rest periods and meal periods they were forced to forego; the inability to determine whether they were compensated for all meal and rest periods of which they had been deprived; the inability to determine whether they were paid all wages due for work they performed; the inability to determine the amount of wages owing and unpaid; having been, and continuing to be, forced to hire attorneys and initiate a lawsuit in order to ascertain the aforementioned information.

72.     Plaintiff and the Class Members are further entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000.00).

73.     Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable attorneys' fees.  Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and reasonable

attorneys' fees.

74.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### FIFTH CAUSE OF ACTION
**Failure to Reimburse Necessary Expenditures**
**(California Labor Code § 2802)**
**(Plaintiff and the Class Members against Defendants)**

75.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

76.     Pursuant to Labor Code § 2802, an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of his or her duties.

77.     Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and the Class Members for having to use their personal vehicles to travel off-site to perform "community outreach" services, and undergo training, at various locations, and requiring Plaintiff and the Class Members to use their personal cellular phones to take photographs while performing "community outreach" services, without reimbursement.  These were necessary features of Plaintiff's and the Class Members' duties as employees of Defendants, and thus Defendants were required to reimburse them.

78.     As a direct and proximate result of Defendants' failure to reimburse Plaintiff and the Class Members for work-related expenses, as specifically set forth above, Plaintiff and the Class Members are entitled to recover their out of pocket expenses, including interest, and attorneys' fees and costs pursuant to Labor Code § 2802, in an amount to be determined at trial.

79.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### SIXTH CAUSE OF ACTION
**Failure to Pay All Wages Upon Termination**
**(California Labor Code §§ 201, 202 and 203; and the Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

80.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

81.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a

-25-

penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

82.     Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

83.     Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.     Labor Code § 246 provides that an employee is entitled to receive sick time pay. The employer shall calculate paid sick leave by using one of two calculations: 1) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek;" or 2) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

85.     Whenever Defendants paid Plaintiff and the Class Members sick time pursuant to California Labor Code § 246, Defendants did so at the incorrect rate of pay.  Defendants paid Plaintiff and the Class Members at the base hourly rate of pay, as opposed to the regular rate of pay, which would take into account all non-discretionary bonuses, or by dividing the employees' total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Labor Code § 246.  This resulted in the employees being underpaid for sick time, and resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor Code violations, because Defendants did not pay, or timely pay, Plaintiff and the Class Members all owing and unpaid wages for work performed by them during their employment and at the end of their employment.

86.     Defendants willfully failed to pay Plaintiff and the Class Members all their wages due, as alleged hereinabove and hereinafter, upon the termination of their employment within the

-26-

times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time

penalty.  Plaintiff and the Class Members are entitled to recover from Defendants the statutory

penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day

maximum pursuant to California Labor Code § 203.

87.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**SEVENTH CAUSE OF ACTION**
**California Labor Code Private Attorneys General Act of 2004**
**(California Labor Code § 2698)**
**(Plaintiff against Defendant NATIONAL VISION, INC.)**

88.    Plaintiff incorporates by reference all of the allegations contained in the preceding

paragraphs as though fully set forth herein.

89.    California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff to recover civil

penalties for the violation(s) of the Labor Code Sections enumerated in Labor Code Section

2699.5.

90.    Defendant NATIONAL VISION, INC.'s conduct, as alleged herein, violates

numerous sections of the California Labor Code, including, but not limited to, the following:

a.    Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants' failure

to provide Plaintiff and the employees with meal and rest periods or compensation in lieu thereof,

as herein alleged;

b.    Violation of Labor Code §§ 510, 558, and 1194 by failing to correctly

calculate the correct regular rate of pay for a pay period when Plaintiff and the employees were

paid multiple pay rates and a non-discretionary bonus/commission pay as herein alleged;

c.    Labor Code § 1174 and the Wage Order requires Defendants to maintain

and preserve, at the place of employment or at a central location within the State of California,

among other items, accurate records showing the names and addresses of all employees

employed, payroll records accurately showing the hours worked daily and the wages paid to its

employees.  Defendants have knowingly and intentionally failed to comply with these

requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order;

d.    Violation of Labor Code §§ 1194, 1197, 1197.1, 1199 for Defendants'

failure to compensate for all hours worked with at least minimum wages as herein alleged;

-27-

e.      Violation of Labor Code §§ 510 and 1198 for Defendants' failure to pay overtime wages to Plaintiff and the employees as herein alleged;

f.      Violation of Labor Code §§ 201, 202, 203, 218, 221, 223, 1194 and 1198 for Defendants' failure to provide agreed wages and all earned wages as herein alleged;

g.      Violation of Labor Code § 204 for failure to pay all earned wages in a timely manner following the end of each pay period;

h.      Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all earned wages upon discharge, including, but not limited to, sick time pay, as herein alleged; and

i.      Violations of Labor Code § 226(a) for non-compliant wage statements.

91.      California Labor Code Section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

92.      Defendant NATIONAL VISION, INC., at all times relevant to this complaint, was an employer or person acting on behalf of an employer who violated Plaintiff and the employees' rights by violating various sections of the California Labor Code as set forth above.

93.      Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3, and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff and the employees, and the State of California against Defendant NATIONAL VISION, INC., in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 221, 225.5, 226, 226(a), 226.7, 246, 510, 512(a), 558, 1175, 1175, 1194, 1197, 1197.1, 1198, 2699(f-g) and the Wage Order.

94.      WHEREFORE, Plaintiff request relief as hereinafter prayed for.

## EIGTH CAUSE OF ACTION
### Unfair Business Practices
**(California Business and Professions Code §§ 17200 et seq. and Common Law)**
**(Plaintiff and the Class Members against all Defendants)**

95.      Plaintiff and the Class Members allege and incorporate by reference all of the

-28-

allegations contained in the preceding paragraphs as though fully set forth herein.

96.     Plaintiff and the Class Members suffered direct injury as a result of the Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code of Civil Procedure § 382. The deprivation by Defendants of Plaintiff and the Class Members from wages due and lawful meal and rest periods, and Defendants' provision of inaccurate wage statements are unlawful business practices within the meaning of Business and Professionals Code § 17200, et seq. including, but not limited to, a violation of the Wage Order, regulations, and statutes, and further, whether or not in violation of the aforementioned Wage Order, regulation and statutes, amount to practices which are otherwise unfair.

97.     Under Business and Professions Code § 17200, et seq., including, but not limited to, §§ 17201, 17203, and 17208, Plaintiff and the Class Members assert standing on behalf of themselves as alleged herein.  Plaintiff and the Class Members seek, among others, restitution of compensation due throughout the Class Period.

98.     At all times herein alleged, Defendants have committed violations of law, as described herein, including, but not limited to:

a.     Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants' failure to provide Plaintiff and the Class Members with meal and rest periods or compensation in lieu thereof, as herein alleged;

b.     Violation of Labor Code §§ 510, 558, and 1194 by failing to correctly calculate the correct regular rate of pay for a pay period when Plaintiff and the employees were paid multiple pay rates and a non-discretionary bonus/commission pay as herein alleged;

c.     Violation of Labor Code §§ 510 and 1198 for Defendants' failure to pay overtime wages to Plaintiff and the Class Members as herein alleged;

d. Labor Code § 1174 and the Wage Order requires Defendants to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees. Defendants have knowingly and intentionally failed to comply with these requirements in

violation of Labor Code §§ 1174 and 1175 and the Wage Order;

        e.    Violation of Labor Code §§ 1194, 1197 and 1197.1 for Defendants' failure to compensate Plaintiff and the Class Members for all hours worked with at the agreed wages as herein alleged;

        f.    Violations of Labor Code § 226(a) for failure to provide accurate wage statements to Plaintiff and the Class Members as herein alleged;

        g.    Violation of Labor Code §§ 201, 202, 203, 204, 218, 221, 1194 and 1198 for Defendants' failure to provide Plaintiff and the Class Members agreed wages for all hours they worked;

        h.    Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all earned wages, including, but not limited to, sick time pay, to Plaintiff and the Class Members upon discharge as herein alleged;

        i.    Violation of Labor Code §§ 201, 202 and 204 for failure to pay all earned wages owed to Plaintiff and the Class Members throughout the Class Period as set forth more fully below; and

99.    These unlawful and unfair business practices defeat the public interest purposes of the State's labor laws, as set forth in the sections of the California Labor Code, the California Code of Regulation and the Wage Order referenced elsewhere in this complaint, all of which promote compliance with labor laws and employment regulations by participants in Defendants' industry.

100.    Defendants' unfair and unlawful business practices thus have violated the sections of the Labor Code, California Code of Regulation and IWC Wage Orders referenced in this complaint and have imposed harm on their employees and their competitors and will continue to do so until abated.  As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to Plaintiff and the Class Members and they have been unjustly enriched at Plaintiff's and the Class Members' expense.  Plaintiff and the Class Members are entitled to restitution of the wages and monies withheld and retained by Defendants at all times relevant to this action, and a preliminary and permanent injunction requiring Defendants to pay

all wages and sums due to Plaintiff and the Class Members, to provide mandatory rest and meal periods, and to provide accurate and complete wage statements.

101.   As a direct and proximate result of Defendants' conduct, Plaintiff and the Class Members have suffered injury and loss of money.

102.   This action will result in the enforcement of an important right affecting the public interest.  The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful and harmful to Plaintiff and the Class Members and the general public.  Accordingly, under Code of Civil Procedure § 1021.5, Plaintiff and the Class Members are entitled to an award of reasonable attorneys' fees according to proof.

103.   WHEREFORE, Plaintiff and the Class Members request relief as hereinafter prayed for.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Class Members, prays as follows:

## CLASS CERTIFICATION

1.   That this action be certified as a class action and that the class identified herein be certified;

2.   That Plaintiff be appointed as the representative of all the Class Members;

3.   That counsel for Plaintiff be appointed as class counsel.

## AS TO THE FIRST CAUSE OF ACTION

4.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all meal periods to Plaintiff and the Class Members;

5.   That the Court grant an award to Plaintiff and the Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

6.   For all actual, consequential and incidental losses and damages, according to proof;

7.   For premiums pursuant to California Labor Code § 226.7(b);

-31-

8.    For prejudgment interest on any unpaid wages from the date such amounts were due;

9.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 211; and

10.   For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE SECOND CAUSE OF ACTION**

11.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all rest periods to Plaintiff and the Class Members;

12.   That the Court grant an award to the Plaintiff and the Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

13.   For all actual, consequential and incidental losses and damages, according to proof;

14.   For premiums pursuant to California Labor Code § 226.7(b);

15.   For prejudgment interest on any unpaid wages from the date such amounts were due;

16.   For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 211; and

17.   For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE THIRD CAUSE OF ACTION**

18.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194, and 1198, and the Wage Order by willfully failing to pay overtime wages to Plaintiff and the Class Members;

19.   That the Court grant an award to Plaintiff and the Class Members for Defendants willfully failing to pay overtime wages due to Plaintiff and the Class Members;

20.   For all actual, consequential and incidental losses and damages, according to proof;

21.   For prejudgment interest on any unpaid wages from the date such amounts were due;

22.   For all civil penalties and reasonable attorneys' fees and costs of suit incurred

herein pursuant to California Labor Code §§ 218.5, 218.6, 1194; and

23.    For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE FOURTH CAUSE OF ACTION**

24.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226, 1198 and the Wage Order as to Plaintiff and the Class Members and that Defendants willfully failed to provide accurate itemized wage statements to Plaintiff and the Class Members;

25.    For all actual, consequential and incidental losses and damages, according to proof;

26.    For statutory penalties pursuant to California Labor Code § 226(e);

27.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 226.3; and

28.    For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE FIFTH CAUSE OF ACTION**

29.    That the Court declare, adjudge and decree that Defendants violated California Labor Code § 2802 by failing to reimburse Plaintiff and the Class Members for necessary expenditures incurred performing their duties;

30.    For damages and/or penalties pursuant to Labor Code § 2802, and for costs and attorneys' fees;

31.    For such other relief as the Court may deem equitable or appropriate.

**AS TO THE SIXTH CAUSE OF ACTION**

32.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, 203, 204, 210, 246, and 1198 by willfully failing to pay all compensation owed at the time of Plaintiff's and the Class Members' termination of employment and willfully failing to timely pay all compensation owed;

33.    For all actual, consequential and incidental losses and damages, according to proof;

34.    For statutory wage penalties in favor of Plaintiff and the Class Members who have left Defendants' employment, pursuant to California Labor Code §§ 203, and 204;

35.    For prejudgment interest on any unpaid wages from the date such amounts were due;

-33-

36.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 203, 210, 211, 218.5, 218.6, 1194; and

37.     For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE SEVENTH CAUSE OF ACTION

38.     That the Court declare, adjudge and decree that Defendant NATIONAL VISION, INC., violated the California Labor Code Private Attorneys General Act of 2004 and Labor Code § 2698 et seq., as a consequence of its failure to provide meal and rest periods, failure to pay agreed wages and compensation for work, failure to pay overtime wages, failure to pay at least minimum wage, failure to provide accurate wage statements, failure to pay all wages earned, failure to pay wages when due, all of which violate the Labor Code and give rise to statutory penalties as a result of such conduct, including but not limited to, penalties as provided by Labor Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 221, 225.5,  226, 226(a), 226.7, 246, 510, 512(a), 558, 1174, 1175, 1194, 1197, 1197.1, 1198, 2699(f-g), and the Wage Order;

39.     That the Court grant an award to Plaintiff and the employees, of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004, including but not limited to unpaid wages, premium payments, statutory penalties for Plaintiff and the employees of Defendant NATIONAL VISION, INC., against whom one or more violations of the Labor Code was committed;

40.     For all actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code § 2699(f);

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 2699 et seq.;

43.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699(g); and

44.     For such other further relief as the Court may deem equitable and appropriate

//

//

-34-

## AS TO THE EIGTH CAUSE OF ACTION

45.     That the Court declare, adjudge and decree that Defendants violated Business and Professions Code § 17200 et seq., by failing to provide all meal and rest periods to Plaintiff and the Class Members, failing to pay for all missed meal and rest periods, failing to pay overtime premiums, failing to provide accurate and complete wage statements, failing to pay agreed wages, and failing to timely provide Plaintiff and the Class Members all compensation due to them during their employment.

46.     For restitution of unpaid wages and penalties to Plaintiff and the Class Members, and for prejudgment interest from the day such amounts were due and payable;

47.     For the appointment of a Receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

48.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure § 1021.5; and

49.     For such other and further relief as the Court may deem equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members hereby demand trial of their claims by jury to the extent authorized by the laws of the State of California and the United State of America.


Dated: May 8, 2020                     FITZPATRICK & SWANSTON
                                        DIVERSITY LAW GROUP, P.C.


                                   By:    /s/ Larry W. Lee
                                        _____
                                        B. James Fitzpatrick
                                        Larry W. Lee
                                        Attorneys for Plaintiff,
                                        JAVIER MENDOZA on behalf of
                                        himself and all other similarly situated
                                        employees

-35-