James Fitzpatrick, Esq. (SBN: 129056)
Charles Swanston, Esq. (SBN: 181882)
**FITZPATRICK & SWANSTON**
555 South Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Larry W. Lee (SBN 228175)
Max W. Gavron (SBN 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

Attorneys for Plaintiff
JAVIER MENDOZA on behalf of himself and all
other similarly situated employees

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER MENDOZA on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 19-cv-01485-SVK<br><br>**~~[AMENDED PROPOSED]~~ JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: October 27, 2020<br>Time: 10:00 A.M.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Susan van Keulen |

# [AMENDED PROPOSED] ORDER

This matter came on for hearing on October 27, 2020, on Plaintiff Javier Mendoza's ("Plaintiff" or "Class Representative") Motion for Final Approval of Class Action and PAGA Settlement and for Judgment in this action on the terms set forth in the Settlement Agreement and Release of Claims (the "Settlement Agreement") (Dkt. No. 48-1, Ex. A.) Due and adequate Notice having been given to the members of the Class and the California Labor and Workforce Development Agency ("LWDA"), and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Class and PAGA Settlement, and having reviewed the entire record in this action, *Mendoza v. National Vision, Inc.*, Case No. 19-cv-01485-SVK ("the Action"), and good cause appearing, finds that:

WHEREAS, Plaintiff has alleged claims against Defendant National Vision, Inc. ("Defendant") (Defendant and Plaintiff collectively, the "Parties"), on behalf of himself, all current and former employees who were employed by National Vision, Inc. within the State of California in a non-exempt, hourly position at any time from November 13, 2014, through April 30, 2020, and the State of California (including the LWDA); and

WHEREAS, on November 13, 2018, Plaintiff commenced this action in Superior Court for the State of California, County of Monterey, alleging causes of action for (1) failure to provide meal periods or compensation in lieu thereof; (2) failure to provide rest periods or compensation in lieu thereof; (3) failure to pay hourly and overtime wages; (4) failure to comply with itemized employee wage statement requirements; (5) failure and refusal to pay agreed wages; (6) failure to pay all wages upon termination; and (7) unfair business practices;

WHEREAS, on January 22, 2019, Plaintiff filed a First Amended Complaint, adding a cause of action for violation of Labor Code § 2698, *et seq.*, the Private Attorneys General Act ("PAGA");

WHEREAS, on March 21, 2019, Defendant filed a Notice of Removal of Action to the United States District Court for the Northern District of California'

WHEREAS, on July 22, 2019, Plaintiff filed his Second Amended Complaint;

WHEREAS, on May 8, 2020, Plaintiff filed a Third Amended Complaint, adding a claim and sub-class for employees who earned sick pay during the applicable class period; and

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action; asserts that it has always provided its employees with proper meal and rest breaks, correctly calculated hourly rates of pay, reimbursed business expenses, and provided accurate itemized wage statements; and further denies any liability whatsoever to Plaintiff, the Settlement Class Members, or the State of California (including the LWDA); and

WHEREAS, without admitting any liability, claim or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty, and business disruption of ongoing litigation; and

WHEREAS, this Court granted preliminary approval of the Parties' Class and Representative Action Settlement in this Action on April 29, 2020, and an amended Order on April 30, 2020 ("Preliminary Approval Order"), in which the Court modified the Class Period end date; and

WHEREAS, the Class Notice was sent to the Class Members in accordance with the Preliminary Approval Order; and

WHEREAS, Class Notice was sent to 39 additional Class Members via mail and email, where email addresses were available, in accordance with the Court's Order re: Additional Class Member Notice and Final Approval Hearing (Dkt. No. 54); and

WHEREAS, a fairness hearing on the proposed Class Settlement having been duly held and a decision reached,

NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Action, Defendant, and the Settlement Class Members.
2. The Court has determined that the Class Notice given to the Class Members fully and accurately informed all Class Members of all material elements of the proposed Class and PAGA Settlement — including the plan of distribution of

|   |   |   |
|---|---|---|
| | | Gross Settlement Fund, the PAGA Settlement Amount, the application for Class Representative Enhancement to Plaintiff, and the application for Class Counsels' Attorneys' Fees and Costs — constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Settlement Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws. |
| | 3. | The Court hereby grants final approval of the Class and PAGA Settlement as fair, reasonable and adequate in all respects to the Settlement Class Members and, to the extent applicable, the State of California (including the LWDA) pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement Agreement pertaining to the distribution of the Maximum Settlement Amount and Net Settlement Class Amount in accordance with the terms of the Settlement Agreement. |
| | 4. | The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Fund to Settlement Class Members and, to the extent applicable, the LWDA, is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. |
| | 5. | As previously held in the Court's Preliminary Approval Order, the Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows: "[a]ll current and former employees who were employed by National Vision, Inc. within the State of California in a non-exempt, hourly position at any time from November 13, 2014, through April 30, 2020." |
| | 6. | As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, Diversity Law Group, P.C. and Fitzpatrick & Swanston. |
| | 7. | The Court approves payment of a Class Representative Enhancement of $10,000 to Plaintiff for his service to the Class, which shall be paid from, and not in addition to, the Gross Settlement Fund. |

4

**[AMENDED PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

8. The Court approves payment of the PAGA Settlement Amount in the amount of $450,000.00, which shall be paid from, and not in addition to, the Gross Settlement Fund. The Court approves that 75% (*i.e.*, $337,500.00) of the PAGA Settlement Amount will be paid to the LWDA and 25% (*i.e.*, $112,500.00) will be distributed to the Aggrieved Employees in accordance with the formula set forth in the Parties' Settlement Agreement. (Dkt. No. 48-1, Ex. A.)

9. The Court approves the payment of attorneys' fees in the amount of $1,118,233.33 to Class Counsel, which shall be paid from, and not in addition to, the Gross Settlement Amount.

10. The Court also approves the additional payment of attorneys' costs in the amount of $12,900.92 to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Gross Settlement Fund.

11. The Court approves a payment of up to $19,975.00 to the Settlement Administrator out of the Gross Settlement Amount. Any portion of the payment to the Settlement Administrator that is unused will go to the Net Settlement Proceeds.

12. Any checks for Individual Settlement Payments that are not cashed within 180 days shall be transmitted to National Vision Crisis Relief Fund.

13. All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff, the Settlement Class Members, and the State of California (including the LWDA) pursuant to the terms of the Settlement Agreement. Each party shall bear his or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Order and as set forth in any other Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings took place concurrently with the hearing for this Order.

14. Upon entry of this Order and the accompanying Judgment, the claims in this Action and the Released Class and PAGA Claims of each Class Member, PAGA

Member, and the State of California (including the LWDA) against Defendant, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the maximum extent permitted by law.

15. Upon entry of this Order and the accompanying Judgment, all Settlement Class Members, PAGA Members, and the State of California (including the LWDA) are hereby forever barred and enjoined from prosecuting the Released Class Claims and Released PAGA Claims against any of the Released Parties as defined in the Settlement Agreement and as set forth in the Preliminary Approval Order.

16. Each Settlement Class Member and the State of California (including the LWDA) are bound by this Order and the Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

17. This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

//
//
//
//
//
//
//
//
//
//

[AMENDED PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

18. Without affecting the finality of this Order and the accompanying Judgment filed herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff, the Settlement Class Members, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order, distribution of the Maximum Settlement Fund, the Final Judgment, and this Order.

IT IS SO ORDERED.

DATED: October 27, 2020

                                           *[signature]*
                                           HON. SUSAN VAN KEULEN
                                           UNITED STATES MAGISTRATE JUDGE